# Exhibit 4

# 14-0862-CV

## United States Court of Appeals

### for the

## Second Circuit

———◆———

MIDAMINES SPRL LTD., HASSAN A. ABBAS,

*Plaintiffs-Appellants,*

— v. —

KBC BANK NV, ANTWERP DIAMANTSE BANK NV,

*Defendants-Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFFS-APPELLANTS

HASSAN A. ABBAS, ESQ.
*Attorneys for Plaintiffs-Appellants*
19 Don Carlos Drive
Hanover Park, Illinois 60133
(630) 233-0621

# RULE 26.1 - DISCLOSURE STATEMENT

Appellate Court No: 14-862

Short Caption: *Midamines Sprl Ltd. v. KBC Bank NV*

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P., Rule 26.1 by completing item #3): MIDAMINES SPRL LTD. AND HASSAN A. ABBAS, PRO SE.

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court: N/A

*Plaintiffs - Appellants*: Midamines Sprl Ltd. and Hassan A. Abbas (Pro Se) were represented in the District court, and are represented on Appeal, by Hassan Ali Abbas, lead Attorney, Illinois ARDC No. 6206474, and address at 19 Don Carlos Drive, Hanover Park, IL 60133, Telephone: (630) 233-0621, Fax (630) 233-8400.

(3) If the party or amicus is a corporation:
(i) Identify all its parent corporations, if any: N/A
(ii) List any publicly held company that owns 10% or more of party's or amicus stock: N/A

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d): Yes  (Yes <u>X</u>   No _)

*Signed: /s/ Hassan A. Abbas*                              Dated: June 18, 2014

Hassan A. Abbas, Esq.
*Counsel of Record for*
*Plaintiffs-Appellants*
19 Don Carlos Drive
Hanover Park, IL 60133
Telephone: (630) 233-0621
Fax (630) 233-8400

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................... i

TABLE OF AUTHORITIES .................................................................. ii

JURISDICTIONAL STATEMENT ...................................................... 1

STATEMENT OF THE ISSUES ........................................................... 2

STATEMENT OF THE CASE ............................................................... 2

SUMMARY OF ARGUMENT ............................................................. 3

STATEMENT OF FACTS ..................................................................... 4

STANDARDS OF APPELLATE REVIEW ......................................... 6

ARGUMENT ........................................................................................... 7

I.      THE DISTRICT COURT ERRED IN DISMISSING *COUNT I* –
        AS TO KBC BANK'S LIABILITY FOR FAILURE TO PAY
        BANK CHECKS BECAUSE:

        A.      N.Y. U.C.C. LAW § 4-213 IMPOSES STRICT LIABILITY
                ON KBC BANK FOR THE FACE AMOUNT OF THE
                DOLLAR BANK CHECK - $35,110.72USD ................................ 7

        B.      N.Y. U.C.C. LAW § 4-302 IMPOSES STRICT LIABILITY
                ON KBC BANK FOR THE FACE AMOUNT OF THE
                EURO BANK CHECK - 56,414.73EURO ..................................... 7

II.     THE DISTRICT COURT ERRED IN DISMISSING *COUNT II* AS
        TO KBC BANK'S UNJUST ENRICHMENT ........................................... 9

III.    THE FORUM SELECTION CLAUSE IS INAPPLICABLE AS TO
        KBC AND IS UNJUST, VIOLATES PUBLIC POLICY, AND IS
        UNENFORCEABLE ................................................................................ 10

CONCLUSION ................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*A.K.S. Jewelry Manuf. Corp. v.*
  *Doras Distributor and The Chase Manhattan Bank, N.A.,*
  210 A.D.2d 35, 619 N.Y.S.2d 270 (Dec. 6, 1994) ................................... 8

*Asoma Corp. v. SK Shipping Co., Ltd.,*
  467 F.3d 817 (2d Cir. 2006) ........................................................................ 6

*Atlantic Marine Construction Co. v.*
  *U.S.D.C. for the Western District of Texas et al.,*
  134 S. Ct. 568 (2013) ............................................................................... 15

*Bell Atlantic Corporation v. Twombly,*
  127 S. Ct. 1955 (2007) ............................................................................... 9

*Caiola v. Citibank, N.A.,*
  295 F.3d 312 (2d Cir. 2002) ........................................................................ 6

*Ehrenfeld v. Mahfouz,*
  489 F.3d 542 (2d Cir. 2007) ........................................................................ 6

*European American Bank & Trust Co. v. Schirripa,*
  485 N.Y.2d 763 (1st Dep't 1985) ............................................................. 17

*Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.,*
  145 F.3d 505 (2d Cir. 1998) ...................................................................... 10

*F.A. Straus & Co. v. Canadian Pac. Ry. Co.,*
  254 N.Y. 407, 173 N.E. 564 (Nov. 18, 1930) ........................................... 11

*Golden Pac. Bancorp v. Fed. Deposit Ins. Corp.,*
  273 F.3d 509 (2d Cir. 2001) ........................................................................ 9

*H. Schultz & Sons, Inc. v. Bank of Suffolk Cty.,*
  439 F. Supp. 1137 (E.D.N.Y. 1977) ........................................................... 7

*Horvath v. Banco Comercial Portugues, S.A.,*
  461 Fed. Appx. 61 (2d Cir. 2012) .................................... 11, 12, 13, 15, 17

*International Firearms Co. v. Kingston Trust Co.,*
  6 N.Y.2d 406 (1959) .................................................................................... 8

*Kaufman v. Chase Manhattan Bank, N.A.,*
  370 F. Supp. 276 (S.D.N.Y. 1973) .............................................................. 5

*Lazare Kaplan International v.*
  *KBC Bank NV and Antwerp Diamond Bank NV,*
  No. 12-3535cv (2d Cir. June 20, 2013) ..................................................... 11

*Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.,*
  969 F.2d 1384 (2d Cir. 1992) .................................................................. 16

*M/S Bremen v. Zapata Off-Shore Co.,*
  407 U.S. 1 (1972) ..................................................................................... 10

*Magi XXI, Inc. v. Stato Della Città Del Vaticano,*
  714 F.3d 714 (2013) ................................................................................. 15

*Manhattan Imported Cars v. Dime Sav. Bank of N.Y.,*
  70 Misc. 2d 889 (1972) .............................................................................. 8

*Martinez v. Bloomberg, LP,*
  730 F.3d 211 (2d Cir. – Jan. 14, 2014) ................................................... 10

*Meckler v. Highland Falls Sav. & Loan Assn.,*
  64 Misc. 2d 407 (1970) .............................................................................. 8

*Moon over the Mountain v. Marine Midland Bank,*
  87 Misc. 2d 918 (1976) .............................................................................. 8

*Phillips v. Audio Active, Ltd.,*
  494 F.3d 378 (2d Cir. 2007) ................................................................ 6, 10

*Red Bull Assocs. v. Best W. Int'l, Inc.,*
  862 F.2d 963 (2d Cir. 1988) ..................................................................... 10

*Roby v. Corp. of Lloyd's,*
  996 F.2d 1353 (2d Cir. 1993) ................................................................... 10

**Federal Laws:**

28 U.S.C. § 1291 ................................................................................................. 1

28 U.S.C. § 1332 ................................................................................................. 1

28 U.S.C. § 1404(a) .......................................................................................... 10

**Federal Rules:**

Federal Rules of Civil Procedure, Rule 8 ............................................................ 9

**New York Statutes:**

CPLR § 3123 ................................................................................................ 8, 17

CPLR § 3213 ...................................................................................................... 17

CPLR § 5004 ....................................................................................................... 8

N.Y. U.C.C. LAW § 4-213 and § 4-302 ..................................................... *passim*

# JURISDICTIONAL STATEMENT

The Second Circuit Court of Appeals has jurisdiction to review the

District court's grant of dismissal under 28 U.S.C. §1291.

The appeal is from a final order of the district court in *Midamines Sprl*

*Ltd. et al. v. KBC Bank NV et al*. (No. 12 cv 8089), and the final order is dated

March 18, 2014, Doc. #50, disposing of all Plaintiffs' claims, and dismissing

the action on the basis of *forum non conveniens*.  The Notice of Appeal was

timely filed on March 23, 2014.

The District court has jurisdiction pursuant to Diversity jurisdiction –

Title 28 U.S.C. §1332.  Plaintiff-Appellants, Hassan A. Abbas, Esq., ("Abbas")

is an Illinois attorney, and Midamines Sprl Ltd. ("Midamines") is an Illinois

corporation.  Both Abbas and Midamines have as their address and principal

place of business, at 19 Don Carlos Drive, Hanover Park, Illinois 60133.

The Defendant KBC Bank NV ("KBC") has its headquarters at

Havenlaan 2, in Brussels, Belgium, and also has a bank branch and an office in

the United States (hereinafter "KBC NY or KBC New York") with its principal

place of business at 1177 Avenue of the Americas, Manhattan, New York, New

York,10036.

## STATEMENT OF THE ISSUES

1. Whether the district court erred in dismissing *Count I* – as to KBC's Failure to Pay Bank Checks and/or Illegal Reversal of Payment – by ignoring the:

   A. NY UCC LAW, N.Y. Code § 4-213 as to the Payor Bank, KBC, which imposes strict liability on KBC for "Final Payment"?

   B. NY UCC LAW, N.Y. Code § 4-302 as to the Payor Bank, KBC, which imposes strict liability on KBC for "Late Return of Item"?

2. Whether the district court erred in dismissing Count II – as to the Unjust Enrichment of KBC Bank, and where KBC is unlawfully depriving Mr. Abbas and Midamines of their funds for no legitimate reason?

3. Whether the district court erred in applying a "forum selection clause" as to the KBC Bank – where the clause is inapplicable as to KBC, and the clause does not apply as to Counts I and II, and where enforcement of the forum selection clause is unjust, unreasonable, unforeseeable, and violates New York's strong public policy as enacted in the Uniform Commercial Code?

## STATEMENT OF THE CASE

KBC Bank illegally reversed payment on the Dollar Bank check for $35,110.73 - after final payment had been made into the account of Midamines, in violation of NY UCC §4-213.  KBC illegally stopped payment on the Euro Check for 56,414.72, and did not return it, or act on it within the time required, in violation of NY UCC §4-302.

2

KBC is liable for payment of the face amount of both checks pursuant to the law and public policy which imposes strict liability on the Payor bank for violations of the New York Uniform Commercial Code.

Plaintiffs simply want their money, and the Bank checks to be paid, plus applicable interest and costs - and to prevent the unjust enrichment of KBC.

## SUMMARY OF ARGUMENT

The KBC Bank is strictly liable for payment of the two official Bank checks under NY UCC LAW §4-213 and NY UCC LAW §4-302. KBC must conform to the law and pay Mr. Abbas' and Midamines' monies, in the amounts of $35,110.73 and 56,414.72 Euro, plus interest and costs.

KBC has been unjustly enriched to the detriment and at the expense of Plaintiffs. KBC must respect her legal obligations for payment, and equity and good conscience require payment of Plaintiffs' monies, and restitution by KBC.

The "forum selection clause" used by the district court does not apply to KBC Bank. The "forum selection clause" of another bank ADB - is no defense to the violations by KBC of the NY UCC Law. Moreover, the district court's enforcement of the inapplicable "forum selection clause" to KBC is wrong, unjust, unreasonable, unforeseeable, and violates New York's public policy, as enacted in the New York Uniform Commercial Code, and as adopted by the people and legislators of New York. The decision below ignores the violations of law by KBC, and disregards the NY UCC Law, and allows unjust enrichment of KBC to Plaintiffs' detriment. KBC's conduct is tantamount to conversion.

The district court in its opinion did not give a single reason for the stop payment at present and the continued nonpayment of the Bank checks by KBC. There is no legitimate reason for nonpayment of Plaintiffs' monies. KBC Bank has no right and no basis to continue withholding Plaintiffs' monies indefinitely.

The law dictates payment by KBC whether the official bank checks are characterized as "cashier's checks" or "teller's checks" – the result is the same. The district court's decision gives an excuse to KBC to hold on to the Plaintiffs' money, and to maintain a frivolous legal position, prolong the litigation, unduly harass and maliciously injure Plaintiffs by conversion by KBC of Mr. Abbas' and Midamines funds , and for KBC to cause unnecessary expenses. The decision of the district court is contrary to law and is unjust and unreasonable.

## STATEMENT OF FACTS

Hassan Abbas and Midamines are the holders in due course of two guaranteed, irrevocable official Bank Checks drawn on KBC Bank New York and KBC Brussels. See e.g., Complaint - Doc. 1 at ¶1. KBC Bank has a legal obligation for payment of the Bank checks as the Payor bank.

KBC failed to honor her obligations for payment of the Bank checks, in violation of the law on negotiable instruments, and in violation of New York's well established Uniform Commercial Code (NY UCC at §4-213, §4-302). See e.g., Doc. 1, at ¶6, and ¶9. Plaintiffs made demand for payment, and Mr. Abbas deposited the Bank checks for payment in New York at PNC Bank and Citibank.

The first Bank check in the amount of $35,110.72, is drawn on KBC New York, and was finally paid into Midamines' account at PNC, and was accepted by KBC, and paid and credited by KBC, and the item was posted to the drawer's account, but then KBC illegally reversed the payment around two weeks later, and the Plaintiffs' funds were withdrawn from Midamines' account without authorization. The second Bank check for 56,414.73 was illegally stopped payment by KBC, and KBC did not act upon the item in the time required, and KBC was not only late in return of item, but KBC never returned the original check. *See e.g.,* Doc. 1 at ¶7 and ¶14. *See also,* Declaration Abbas, Doc. #37.

The funds belong to the Plaintiffs. Mr. Abbas, received the Bank checks as payment of his legal fees and deposited the checks to his Illinois company Midamines Sprl Ltd. There are sufficient funds for payment of Plaintiffs' funds, as represented by valid, irrevocable, guaranteed Bank checks. See e.g., Doc. 1 at ¶10. Plaintiffs are entitled to immediate payment upon demand of their Bank Checks. See e.g., Doc. 1 at ¶7. Pursuant to the Uniform Commercial Code and negotiable instruments law, the bank checks are negotiable by transfer and are not subject to countermand, and KBC may not stop payment on the irrevocable guaranteed Bank checks. See e.g., Doc. 1 at ¶11.

The Bank checks are strictly enforced as a matter of law and public policy. See e.g., Doc. 1 at ¶12, *Kaufman v. Chase Manhattan Bank, N.A.*, 370 F. Supp. 276 (1973 SDNY). KBC has a legal obligation to pay Plaintiffs' monies.

## STANDARDS OF APPELLATE REVIEW

The standard of review as to Count I is *de novo* review as it relates to KBC's statutory violations of NY UCC Law §4-213 and NY UCC Law §4-302, and KBC's failure to pay bank checks, and KBC's late return of item and KBC's illegal reversal of final payment.

These claims against KBC Bank, are a matter of law and involve statutory interpretation, based on the New York Uniform Commercial Code, Article 4. These are legal questions over which the Court of Appeals exercises "*de novo*" review, and the district court decision's is accorded no weight and no deference. See e.g., *Ehrenfeld v. Mahfouz*, 489 F. 3d 542, 547 (2d Cir. 2007).

As to Count II, which relates to KBC's unjust enrichment, and a dismissal based on the district court's specification of the ADB "forum selection clause", and pleadings and affidavits, the standard of review is "*de novo*". See, *Phillips v. Audio Active, Ltd.,* 494 F.3d 378, 384 (2d Cir. 2007), and the district court's decision is accorded no weight and no deference.

Where the decision, as to a "forum selection clause" dismissal, is based on factual findings, then it is reviewed for "*clear error*". See, *Asoma Corp. v. SK Shipping Co., Ltd.,* 467 F.3d 817, 822 (2d Cir. 2006).

All allegations must be accepted as true, and all inferences drawn in Plaintiffs' favor, i.e., in Mr. Abbas' and Midamines' favor. See e.g., *Caiola v. Citibank, N.A.,* 295 F. 3d 312, 321 (2d. Cir. 2002).

## ARGUMENT

### I.

### THE DISTRICT COURT ERRED IN DISMISSING COUNT I – AS TO KBC BANK'S LIABILITY FOR FAILURE TO PAY BANK CHECKS BECAUSE:

A.      N.Y. U.C.C. Law §4-213 Imposes Strict Liability On KBC Bank For The Face Amount Of The Dollar Bank Check - $35,110.72USD

Defendant, KBC Bank New York, the Payor bank, received the First subject check for $35,110.72 USD from the depository bank, and KBC Bank completed the process of posting the item to the account of the drawer (Declaration of Diane Grimmig, Doc. #32), and paid the monies into the account of Plaintiff, Midamines Sprl Ltd., at PNC bank.  The check progressed to "final payment" under the UCC statute, and the statutory definition, N .Y. U.C.C. Law § 4-213(c).  Thus KBC Bank is liable for the face amount of the check.  Around two weeks after the check had been deposited and paid, KBC illegally went into Midamines account and withdrew the monies without any authorization and contrary to law.  See, e.g., *H. Schultz & Sons, Inc. v. Bank of Suffolk Cty.*, 439 F. Supp. 1137 (1977), the Payor bank was held accountable for the check amount as final payment had been made pursuant to N.Y. U.C.C. LAW, §4-213(1)(c).

B.      N.Y. U.C.C. Law §4-302 Imposes Strict Liability On KBC Bank For The Face Amount Of The Euro Bank Check – 56,414.73EURO

Defendant, KBC Bank, the Payor bank, received the Second subject check for 56,414.73 Euro from the depository bank, and failed to pay in a timely manner, and KBC violated the "midnight deadline" rule, and KBC did not act on it within the time required by N.Y. U.C.C. Law § 4-302 (Declaration of Jan

Berkers - Doc. #31).  The delay makes KBC Bank liable for the face amount of the check, and the delay was also tantamount to final payment of the check. See, e.g., *A.K.S. Jewelery Manufacturing Corp. v. Doras Distributor and The Chase Manhattan Bank, N.A.,* 210 A.D. 2d 35, 619 N.Y.S.2d 270 (1994)(UCC liability as to §4-302).[1]

The law is clear and unequivocal as to KBC Bank's liability for payment of the Bank checks - whether the official Bank checks drawn on KBC Bank are characterized as "teller's checks" or "cashiers' checks" - the result is the same - and KBC is liable for payment of the face amount of the checks plus interest.[2] The district court erred in ignoring the applicable case law, and erred in ignoring the New York Uniform Commercial Code which imposes strict liability on KBC Bank for failure to pay the bank checks and statutory violations of NY UCC §4-213 and §4-302.  These matters are reviewed *de novo*, and for the reasons stated, Plaintiffs respectfully request reversal of the decision of the district court.

---

[1] In *Moon over the Mountain v. Marine Midland Bank,* 87 Misc. 2d 918 (1976), Plaintiff moved for summary judgment in lieu of complaint pursuant to CPLR 3123 and the court held under New York law, "teller's checks" are treated the same as "cashier's checks" or "certified checks".  Bank checks are equivalent to cash, and are not subject to countermand, and cannot be stopped.  *Moon over the Mountain* also cites *Meckler v. Highland Falls Sav. & Loan Assn.* (64 Misc.2d 407) where a payee of a teller's check was granted summary judgment against a bank that stopped payment at the request of its customer.  In *International Firearms Co. v. Kingston Trust Co.* (6 N.Y.2d 406) a bank was held liable to the payee's successor after it had stopped payment on a teller's check, or bank draft, at the request of its customer. *Manhattan Import Cars v Dime Sav. Bank of NY,* 70 Misc.2d 889.

[2] The rate of interest is set forth under New York's CPLR §5004, and is established by law at 9% per annum.  The total for the face amount of the Dollar Bank Check $35, 110.72, plus 9% annum (for the past 2 years the Dollar funds have been improperly withheld) amounts to $41,430.64USD.   As to the Euro Bank Check - 56,414.73 Euro plus 9% per annum (for the past 2 years the Plaintiffs' Euro funds have been improperly withheld) amounts to 66,569.38Euro.

II.

## THE DISTRICT COURT ERRED IN DISMISSING *COUNT II* AS TO KBC BANK'S UNJUST ENRICHMENT

Under New York Law, the elements for a claim of unjust enrichment are (1) defendant was enriched (2) enrichment was at plaintiffs' expense, (3) circumstances are such that equity and good conscience require defendants to make restitution.  See e.g., *Golden Pac. Bancorp v. Fed. Deposit Ins. Corp.* 273 F.3d. 509, 519 (2d. Cir. 2001).  The elements of unjust enrichment are well pled. See e.g., Doc. 1, ¶¶16-20 (Count II).  KBC Bank has been unjustly enriched by depriving Plaintiffs of their monies, to the Plaintiffs' detriment and expense, and equity and good conscience requires KBC to make restitution and payment of the monies to Abbas and Midamines.  The claims against KBC for unjust enrichment are properly stated under the liberal notice pleading standards.[3]

Mr. Abbas and Midamines have a valid claim against KBC Bank because Plaintiffs' have suffered a complete loss of their monies, due to the violations of the UCC law and the conversion of their funds by KBC.  The unjust enrichment claim accrues upon the "occurrence of the wrongful acts giving rise to a duty of restitution" and arose when KBC failed to honor her obligation to pay the Bank checks and violated UCC Law.  The unjust enrichment claim does not "arise out of" or relate to any contract.  There is no contract between KBC and Plaintiffs.

---

[3] The Federal Rules of Civil Procedure, Rule 8(a)(2) requires only a "short and plain statement of the claims showing the pleader is entitled to relief", in order to give "fair notice of what the claim is...and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 129 S. Ct. 1955, 1974 (2007).

## III.

## THE FORUM SELECTION CLAUSE IS INAPPLICABLE AS TO KBC AND IS UNJUST, VIOLATES PUBLIC POLICY, AND IS UNENFORCEABLE

As stated by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 18 (1972), a forum selection clause which violates public policy cannot be enforced. Moreover, it can be clearly shown that enforcement is unjust and unreasonable under the fourth part of the *Phillips* test, as it violates the UCC Law, and unjustly enriches KBC Bank who is withholding Plaintiffs' funds. *Phillips v. Audio Active*, *Ltd.,* 494 F.3d 378 at 383-384 (2nd Cir. 2007).

There are many cases supporting the established legal standards for invalidating an unjust "forum selection" clause and/or a clause that violates public policy. *Red Bull Assocs. v. Best W. Int'l, Inc.,* 862 F.2d 963, 967 (2d Cir. 1988)(finding denial of motion to transfer under *28 U.S.C. § 1404(a)* proper, despite forum selection clause, since district court acted within its discretion in holding that transfer would undermine civil rights statutes)[4]; see also, *Roby v. Corp. of Lloyd's,* 996 F.2d 1353, 1365 (2d Cir. 1993), (federal courts would

---

[4] In *Martinez* v. *Bloomberg, LP*, 730 F. 3d 211 (2nd Circ. – January 14, 2014) the court stated: "If the enforceability of a forum selection clause were governed by the law specified in the choice-of-law clause, then contracting parties would have an absolute right to "oust the jurisdiction" of the federal courts. *Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V., 145 F.3d 505, 509-10 (2d Cir. 1998)* [**13] ([HN7] even if forum selection clause is mandatory, court must determine whether "enforcement would be 'unjust' or [whether] the clause [wa]s 'invalid for such reasons as fraud or overreaching'" under *Bremen* before granting motion to dismiss). [HN8] Federal law must govern the ultimate enforceability of a forum selection clause to ensure that a federal court may decline to enforce a clause if "trial in the contractual forum [would] be so gravely difficult and inconvenient that [the resisting party] will for all practical purposes be deprived of his day in court," or "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Bremen, 407 U.S. at 18, 15*." There is no forum selection clause relative to KBC, and the discussion is beside the point, as ADB has been dropped.

decline to enforce forum selection clause that undermined public policy of protecting American securities investors). See *F.A. Straus & Co. v. Canadian Pac. Ry. Co.*, 254 N.Y. 407, 173 N.E. 564 (Nov. 18, 1930) (a contract provision of a clause in a bill of lading was held invalid and unenforceable because it violated public policy). New York enacted the Uniform Commercial Code and adopted a strong public policy of strict liability on the banks for violations of NY UCC §4-302 and §4-213. This N.Y. U.C.C. law is highly relevant and applicable - and an inapplicable contract clause from ADB in Belgium - cannot be used by KBC to circumvent the UCC law, or wipe out this entire body of law.

███████████████████████████████████████

███████████████████████ *Horvath v. Banco Portugues Comercial S.A.,* 461 F. Fed. Appx. 61, (2d Cir. 2012) ("*Horvath*"), ██████ was mistakenly relied on by the district court, to wrongfully "lump together" both banks, ADB and KBC, under one forum selection clause - that belongs only to ADB.

In a Summary Order dated June 20, 2013, in the case of *Lazare Kaplan International v. KBC Bank NV and Antwerp Diamond Bank NV*, No. 12-3535cv, the Second Circuit reversed a "forum non conveniens" dismissal against the same KBC defendant, and stated "*Neither side acknowledges the possibility, which seems to us quite real, that each clause could apply only to particular claims and/or particular parties.*" The district court erred in its application of the ADB "forum selection clause" to KBC - when the district court should have analyzed each claim apart and each party separately. The clause does not apply

11

to KBC and statutory violations of UCC 4-213 and 4-302.  Application of ADB's clause as to KBC Bank is unreasonable and unjust.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████ the district court has erred in its reliance on the *Horvath* case, Order, Doc. #50, footnote 9, because (a) KBC is a non-signatory to any forum selection clause and KBC has no contract, no bank account, and no relationship with Midamines and Abbas, and (b) Plaintiffs are non-signatory to any forum selection clause with KBC, and (c) significantly, the first requirement, under the *Horvath* test of "*nearly identical*" claims is not met for KBC - and cannot be met, and (d) the claims do not "*arise out of*" any contract or same transactions.

The UCC 4-213 and 4-302 claims against KBC - are wholly independent and by the statute apply _only_ to the Payor Bank, i.e. KBC, because the Bank checks are drawn upon KBC.  These claims as to statutory violations of UCC §4-213 and UCC §4-302 apply to KBC.  These UCC claims do not apply – and cannot apply to ADB  – because ADB is not the Payor bank.  ADB is the drawer of the checks.  KBC is the drawee – and – KBC is liable as the Payor Bank.[5] The ADB has dropped out of the appeal and the forum selection clause dropped out.

---

[5] The *Horvath* case does not involve violations of UCC 4-213 and 4-302, as here with KBC, and *Horvath* is distinguishable and inapplicable.  The "forum selection" clause in the ADB's contract with a Congo company - is not applicable to KBC NY - and it is unenforceable because enforcement as to KBC would sanction KBC Bank's violations of the NY UCC Law and would contravene New York's public policy as adopted by statute and by the New York legislature in the NY UCC Law and which must be liberally construed and strictly enforced.

KBC cannot be "lumped together" with ADB - because the UCC claims against the Payor bank, KBC, are not "*nearly identical*" to the claims against the dismissed ADB, and do not "*arise out of*" the ADB contract or forum selection clause which has dropped out of the appeal. ADB never had NY UCC 4-213 or UCC 4-302 claims against it - as the claims apply only to the Payor bank KBC.

████████████████████████████████████

██████████████████ it is obvious, that KBC cannot "piggy back" on the unavailable Antwerp Diamond Bank ("ADB") forum selection "clause" based on *Horvath*, which has been mistakenly relied on by the district court, and which does not apply to KBC. The forum selection "clause" does not exist as to KBC, and does not apply as to the KBC's statutory violations and NY UCC liability. KBC has taken an ████████ frivolous legal position merely to delay, harass, and maliciously injure Plaintiffs, by KBC's conversion of the funds. The claims against KBC are independent and arise out of the N.Y. U.C.C. Law and statute.

The New York UCC Law, UCC §4-213 or UCC §4-302, is the law and public policy of the state of New York, and was enacted by the state's appointed legislators who represent the people of New York. KBC should simply honor her obligations for payment of the Bank checks and Plaintiffs' monies which would fulfill the purpose for which the Bank checks were drawn.

The KBC bank has committed statutory violations of the NY UCC §4-213 and §4-302, and is strictly liable for payment of these Bank checks and return of the Plaintiffs' monies. There is no legitimate reason for nonpayment by KBC

13

Bank, and no valid defense to NY UCC §4-213[6] and §4-302[7] violations.

KBC cannot illegally and indefinitely withhold Plaintiffs' money and exercise improper dominion over Abbas and Midamines' funds. KBC has no legal support for the proposition that ADB's dismissed "forum selection clause" preempts the NY UCC Law and blocks the legitimate claims against KBC Bank

---

[6] **§4-213 of the NY UCC LAW – NY CODE - Section 4-213: Payor Bank's Liability for Final Payment.** (1) An item is finally paid by a payor bank when the bank has done any of the following, whichever happens first: (a) paid the item in cash; or (b) settled for the item without reserving a right to revoke the settlement and without having such right under statute, clearing house rule or agreement; or (c) completed the process of posting the item to the indicated account of the drawer, maker or other person to be charged therewith; or (d) made a provisional settlement for the item and failed to revoke the settlement in the time and manner permitted by statute, clearing house rule or agreement. Upon a final payment under subparagraphs (b), (c) or (d) the payor bank shall be accountable for the amount of the item. (2) If provisional settlement for an item between the presenting and payor banks is made through a clearing house or by debits or credits in an account between them, then to the extent that provisional debits or credits for the item are entered in accounts between the presenting and payor banks or between the presenting and successive prior collecting banks seriatim, they become final upon final payment of the item by the payor bank.(3) If a collecting bank receives a settlement for an item which is or becomes final (subsection (3) of Section 4--211, subsection (2) of Section 4--213) the bank is accountable to its customer for the amount of the item and any provisional credit given for the item in an account with its customer becomes final. (4) Subject to any right of the bank to apply the credit to an obligation of the customer, credit given by a bank for an item in an account with its customer becomes available for withdrawal as of right (a) in any case where the bank has received a provisional settlement for the item,--when such settlement becomes final and the bank has had a reasonable time to learn that the settlement is final; (b) in any case where the bank is both a depositary bank and a payor bank and the item is finally paid,--at the opening of the bank's second banking day following receipt of the item. (5) A deposit of money in a bank is final when made but, subject to any right of the bank to apply the deposit to an obligation of the customer, the deposit becomes available for withdrawal as of right at the opening of the bank's next banking day following receipt of deposit.

[7] **N.Y. UCC. LAW § 4--302 : NY Code - §4—302: Payor Bank's Responsibility for Late Return of Item**. In the absence of a valid defense such as breach of a presentment warranty (subsection (1) of Section 4--207), settlement effected or the like, if an item is presented on and received by a payor bank the bank is accountable for the amount of (a) a demand item other than a documentary draft whether properly payable or not if the bank, in any case where it is not also the depositary bank, retains the item beyond midnight of the banking day of receipt without settling for it or, regardless of whether it is also the depositary bank, does not pay or return the item or send notice of dishonor until after its midnight deadline; or (b) any other properly payable item unless within the time allowed for acceptance or payment of that item the bank either accepts or pays the item or returns it and accompanying documents.

for statutory violations of New York's UCC Law.  KBC cannot be dismissed on

the basis of *Horvath*, ███████████████████████████████████████████████.[8]

███ KBC ██████████████████ is advancing a frivolous legal position ████

██████████ which vexatiously and unreasonably prolongs the litigation, to

harass, maliciously injure and cause undue expenses; and ██ continues to make

the frivolous arguments █████████████████████████████████████████████

█████████████████████████████████████ after a reasonable inquiry

following my letter as to the law, ███████████████████████████████████

██████████████, and despite KBC's declarations such as the admissions by

Grimmig, Verlinden, Berkers, on the record – that show there is no impediment,

no injunction, and no reason not to pay, and demonstrate KBC's violations of

NY UCC Law – and KBC's liability.  ███████████████████████████████

██████████████████████████████████████████████████ KBC's

and ██ arguments, are without merit in law, and cannot be supported by any

reasonable argument for an extension, modification or reversal of existing law.

The UCC Law is the law of New York, and under the law, KBC is strictly liable.

<hr />

[8] KBC cannot rely on the decision of the district court citing the *Horvath* case which does not involve violations of UCC 4-213 and 4-302, and KBC does not have "nearly identical" claims as to ADB. ████████████████████████████████████████████████
The "forum selection" clause in ADB's contract with a Congolese company - is not applicable to KBC, *ab initio*, and it is unenforceable because it would violate the UCC law and violate New York's public policy - as adopted by the New York legislature.  KBC's violations of NY UCC Law was "unusual" as stated in *Atlantic Marine*, 134 S. Ct. 568, 581-82 (2013) and the clause is unenforceable as to KBC.  The touchstone for a "closely related" "non-signatory" seeking to apply a forum selection clause against another "signatory" - is foreseeability - as stated by the District court. Doc. 50, p. 7, fn 9.  See, *Magi XXI,Inc. v. Stato Della Citta Del Vaticano*, 714 F. 3d 714, 723 (2013).  KBC is not "closely related" and is a "non-signatory".  Plaintiffs are non-signatory.  And it was not foreseeable that KBC will violate the NY UCC Law, and violate the public policy of New York.  KBC is liable for payment of the checks.

## CONCLUSION

The Plaintiffs' funds are being improperly withheld in New York, at KBC Bank New York, and at KBC Brussels. KBC Bank is being unjustly enriched by unlawfully taking possession and dominion over Plaintiffs' money. These are official Bank checks, not ordinary checks, accepted at issuance, guaranteed, irrevocable, and drawn on KBC Bank, and drawn on sufficient funds.

These funds belong to Plaintiffs Abbas and Midamines. The money does not belong to KBC Bank. KBC has a legal obligation to pay the Bank checks and KBC has no right whatsoever to keep on withholding Plaintiffs' money – as it has done for two years and for no legitimate reason.[9]

The district court erred in applying the ADB's "forum selection clause" - to the KBC Bank - because this clause does not apply to the KBC Bank at all. The Antwerp Diamond Bank, and the ADB clause, have been dismissed and have dropped out of the appeal. The Plaintiffs do not proceed against ADB.

---

[9] There is no "injunction" against KBC Bank whatsoever from anywhere in the world, and none that apply to KBC. *See* Declaration of Joost Verlinden, Doc.#34 at p. 7, §18. Mr. Verlinden is the KBC's own legal expert, and he concedes no injunction applies to KBC. As to ADB, the Antwerp injunction has been released (it expired in 2012). See Declaration Verlinden, p. 10, at §31-32. The "injunction-excuse" for non-payment is gone. KBC is desperately looking to manufacture an excuse for nonpayment and mentions an irrelevant "judgment" in Congo, which the US court cannot "judicially notice" for the "truth" of the matter asserted. *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc*., 969 F.2d 1384, 1388 (2d. Cir. 1992). In addition, the Plaintiffs provided to KBC Bank, documents showing the Congo "judgment" has been frozen and suspended, and cannot be executed anywhere in the world. The district court did not explain in its entire opinion - that there is no reason for any stop payment at present. The district court did not provide any justification or rationale for the non-payment of the Bank checks by KBC. There is no legitimate reason for KBC Bank to improperly withhold Plaintiffs' monies. ███████████████████████████████ ██████████████████. KBC has no reason not to fully conform her conduct to the law. KBC must pay the Bank checks in the amounts of $35,110.72 and 56,414.73 Euro, plus interest, costs, and attorney's fees.

The use of ADB's dismissed clause - as to KBC - is unjust, unreasonable, contravenes the law, and violates New York's public policy which establishes strict liability against KBC for violations of UCC Law. It is well settled law in New York under N.Y. Civ. P. L. & R. §3213 (McKinney 2000) that if a *prima facie* case is made out by the instruments, i.e. here the bank checks, and a failure to make payment called for by its terms, then the payee is entitled to a summary judgment. There has been no legitimate defenses to the Bank checks raised by KBC, but quite the contrary, ███████████████ the district court erred in relying on *Horvath* as a basis for dismissal, and lumping together both banks. The courts have found that a *prima facie* case is raised through the submission of the instrument sued upon along with the affidavit of nonpayment. *European American Bank & Trust Co. v. Schirripa*, 485 N.Y.2d 763 (1st Dept. 1985).

The Bank checks are drawn on the KBC Bank, i.e. the Payor bank, and are instruments for the payment of money only, and so the CPLR §3123 statute is satisfied, where as is the case here, the Bank checks reflect, on their face, the amount that is owed and payable to Plaintiffs, Abbas and Midamines.

The district court erred in dismissing the claims against KBC Bank under *Count I*, for failure to pay Bank checks, and for KBC's statutory violations of the NY UCC LAW, as established under the NY UCC Law §4-213 and under the NY UCC Law §4-302, which imposes strict liability on KBC Bank as a matter of law and public policy.

The district court erred in dismissing *Count II*, as to the claim of unjust enrichment against KBC Bank who has been unlawfully withholding Plaintiffs' monies for two years for no legitimate reason.  KBC Bank has been unjustly enriched, at the expense and to the detriment of Abbas and Midamines, and equity and good conscience requires restitution and payment by KBC.  The funds have been unjustifiably withheld, and KBC must pay Plaintiffs' money.

Each of the Bank checks provides a definite amount of the payment due, the Dollar Check provides a sum certain of $35,110.72USD to be paid by KBC, and the Euro Check provides for a sum certain of 56,414.73 Euro to be paid by KBC, and each of the guaranteed and irrevocable Bank checks is duly signed by a bank official.  It is beyond genuine dispute that KBC Bank has failed to honor her obligations and failed to pay the Bank checks and money owed to Plaintiffs.

For the foregoing reasons, Plaintiffs' respectfully request the decision of the district court, be reversed, and that KBC Bank be ordered to pay the two Bank checks in their entirety, including the applicable interest of 9%, plus costs and attorney's fees.

Respectfully submitted,

s/ *Hassan A. Abbas*                                        Dated: June 18, 2014

Hassan A. Abbas
*Counsel for Plaintiffs-Appellants*
19 Don Carlos Drive
Hanover Park, Illinois 60133
Tel. 630 233 0621 Fax 630 233 8400
Email: *ha.law@hotmail.be*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the foregoing brief is in 14-Point Times New Roman proportional font and contains 6,542 words and thus is in compliance with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.

Dated: June 18, 2014