# Exhibit 5

_____

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

_____

| | |
|---|---|
| MIDAMINES SPRL LTD. ) | **Case No. 14-862** |
| Plaintiffs-Appellants ) | |
| v. ) | On Appeal From the USDC NYSD |
| ) | 12 cv 8089, Hon. Richard J. Sullivan |
| KBC BANK NV ) | Date of Final Order/Notice of Appeal |
| <u>Defendants-Appellees</u>    ) | Filed: March 19, 2014 |

### PLAINTIFFS'-APPELLANTS OPPOSITION TO MOTION TO FILE RESPONSE UNDER SEAL BY RICHARD MARTIN AND/OR ORRICK, HERRINGTON, SUTCLIFFE LLP

Plaintiffs-Appellants respectfully oppose the motion of Richard Martin and the firm of Orrick, Herrington, Sutcliffe, LLP (hereinafter "Orrick") relative to filing their response under seal – based on the facts, the law, and the Orrick lawyers' violations of the rules of professional conduct.

Neither the *Motion to Disqualify Richard Martin and Orrick*, nor proposed *Response* by Richard Martin and Orrick, nor the little "3-sentence" *email* of May 22, 2014, should be subject to sealing. In fact, Orrick has not met the standard for sealing judicial documents under the Second Circuit. Mr. Martin has completely failed to support his motion with any proof of a single privileged document, nor any attorney-client confidential communications, and he has waived any privilege.

1

At most, Mr. Martin and Orrick make entirely conclusory claims which defy the law and facts. Orrick know that Antwerp Diamond Bank has been dismissed from the case, and has been dropped from the appeal, and Mr. Martin recognizes this fact in his email of May 22, 2014, that KBC counsel will not be working with ADB counsel, and there will be no joint Appellee's brief.

On May 22, 2014, Mr. Martin stated in his email:



Mr. Martin seeks to seal from the public, who have a right to know, and who have a right to access, judicial documents, ▮▮▮▮ *Horvath v. Banco Portugues Comercial S.A.,* 461 F. Fed. Appx. 61, (2d Cir. 2012), which does not apply for dismissal of the KBC. ▮▮▮▮, while he claims in his declaration he made an "*assessment*" as to settlement. Mr. Martin's so called "*strategy*" is to pursue a frivolous legal position, ▮▮▮▮, and this is abusive litigation practice and sanctionable conduct.

Plaintiffs provided Mr. Martin with official published documents which show that Hassan Abbas, Esq., has the legal authority to give wire payment

2

instructions to ADB and KBC, to pay Plaintiffs' monies, which are being illegally withheld by KBC Bank for two years.  Plaintiffs included a copy of the Congolese Order from the Kinshasa Court of Appeals which suspended, froze, and prevented the execution of an irrelevant order from 2013, mentioned by KBC's legal expert Joost Verlinden (Doc.#34) and by Mr. Martin in his declaration of April 3, 2013 (Doc. #30).  ███████████████

███████████████████████████ KBC's obligation to follow Mr. Abbas' wire transfer instructions as legal director of Midamines Congo.  KBC must pay our money.

Mr. Martin made a false declaration under penalty of perjury, on June 20, 2014, at §2, where he states: "*..the banks have operated under a joint defense agreement which continues in effect <u>to the present</u> in light of <u>this appeal</u>..*", ███████

███████████████████████████████████████████████████████

███████████████████████████████████ Mr. Martin knew there is no "agreement", no "common interest", no "joint brief" in the appeal <u>at present</u> between KBC and ADB, <u>as the appeal is only against KBC</u>.  Mr. Martin *knew* on May 22, 2014, when he sent his email, that ADB was dropped from the appeal, and that ADB counsel are not included, and also have dropped from the appeal.[1]

---

[1] Antwerp Diamond Bank's ("ADB") counsel filed a motion to dismiss ADB from the appeal on June 23, 2014 (Doc. 69-2).  Clearly, there is no joint defense agreement between ADB and KBC at present in the appeal - as falsely stated by Mr. Martin – and there was none on May 22, 2014.  Plaintiffs' agreed not to oppose Antwerp Diamond Bank's motion - but Plaintiffs' fully reserve their rights to pursue ADB in other courts - and informed ADB's counsel accordingly.

3

Orrick's motion for sealing does not comport with the constitutional standards set forth in *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1 (1986), protecting the public's right to access judicial documents. The public enjoys a qualified First Amendment right of access to judicial documents. *See Press-Enterprise*, 478 U.S. at 8-9 (setting standard for invocation of First Amendment right); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (common law and constitutional rights of access to judicial documents apply in civil case). The constitutional right attached to documents that "have historically been open to the press and general public" when "public access plays a significant positive role." *Press-Enterprise*, 478 U.S. at 8.

Under *Press-Enterprise*, the presumption of openness can be overcome only if a court finds that sealing is "necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Further, a court must make "specific, on the record findings" to support its decision to close the courtroom or seal documents. *Press-Enterprise*, 478 U.S. at 13-14; *Lugosch*, 435 F.3d at 124.[2]

---

[2] Pursuant to New York Rules of Professional Conduct, Rule 4.4, the attorney receiving an inadvertent email has only a minimal burden of notification, and thus Mr. Martin was notified. The comments to Rule 4.4 indicate the attorney receiving an inadvertent email is ***not subject*** to ***discipline for reading or using that information***; and is not barred from reading or keeping that information, and may exercise his/her professional judgment as to the matter at hand; and that a lawyer is required to subordinate the interests of others to those of his client, and a lawyer's ethical obligation to his client under the circumstances should not bar use of the information.

That Mr. Martin may somehow feel uncomfortable ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is in the public record is not a sufficient reason to sustain his motion for sealing. Sealing the *Motion to Disqualify* or *Response* is not necessary to the preservation of "higher values" because no privilege exists and/or it has been waived. Mr. Martin's voluntary disclosure to third parties outside his firm waives any alleged claim of "privilege".

The proposed sealing of judicial documents is not narrowly tailored to achieve any legitimate aim by Mr. Martin, and the motion is interposed ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ – but he and Orrick have an obligation to reveal to the court, the legal authority which is adverse to their client KBC, such as the *Horvath* case, and cannot make knowingly false statements of fact. NY DR 7-106(B)(1), NY DR 7-102(A)(5), NY DR 7-102(A)(2).

The truth is Mr. Martin seeks to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ out of the public eye - because it demonstrates he is pursuing a frivolous legal position on behalf of KBC, merely to harass, delay, and prolong the litigation, and cause expenses, and maliciously injure Plaintiffs by conversion of the funds by KBC. KBC is unjustly enriched by failure to pay Plaintiffs' Bank checks and must return Plaintiffs' money. KBC violated New York law which imposes strict liability on KBC for payment of Bank checks.

5

Mr. Martin's motion does not at any point include information about the nature of the confidential "attorney-client" communication and/or "privileged" document or "work product" - to which it is addressed. There is no basis for Mr. Martin, who voluntarily disclosed his email to third parties outside his law firm and waived any privilege, to seal judicial documents.[3]

Mr. Martin also *knew* before he submitted his Declaration on June 20, 2014, that ADB is dismissed and dropped from the appeal, as he received Appellants' Initial Brief on June 19, 2014. Therefore Mr. Martin's declaration under "penalty of perjury" that there was still a joint defense agreement *at present* in the appeal with ADB – was not true – as he knew that ADB was not included in the appeal.

Mr. Martin wants to provide himself an opportunity to hide the truth - and to argue in secret - before KBC's brief is due and before oral argument in this case, and to prevent Plaintiffs ███████████████████████████ ███████████████, and as he is representing KBC in another case, in New York, but these are not sufficient reasons to file under seal.

---

[3] Mr. Martin unilaterally claims privilege or confidential communications without proving any of the necessary elements, and he knows he has waived any "privilege" by voluntary disclosure to third parties who are not in his firm and with whom no joint agreement was in effect at the time of disclosure. The burden of proving each element of the privilege rests upon the party asserting it. (*Matter of Gavin*, 39 A.D.2d 626, 628; *Matter of Grand Jury Empanelled Feb. 14, 1978*, 603 F.2d 469, 474.). It is Orrick's burden to show that the privilege exists, and was not waived. *John Blair Communications, Inc. v Reliance Cap. Group*, L.P., 182 AD2d 578 [1st Dept 1992]); *Manufacturers and Traders Trust Co. v Servotronics,* Inc., 132 AD2d 392 [4th Dept 1987]). [FN7] [*13]. There is no privilege, and even if there was, it has been voluntarily waived.

6

The public's right to access judicial documents and the court's right to be informed takes precedence. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ it is essential that adverse law to KBC, and/or error of the district court, be fully disclosed for the proper administration of justice.

Mr. Richard Martin and Orrick have a legal and ethical obligation to disclose cases adverse to their client KBC, and to refrain from submitting false declarations and to inform the Court of Appeals accordingly. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and so was mistakenly relied on by the district court to improperly lump together both banks, ADB and KBC.[4]

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮KBC cannot "piggy back" on the unavailable Antwerp Diamond Bank ("ADB") forum selection "clause" - as ADB and the "clause" have dropped out of the litigation/appeal.

---

[4] Plaintiffs' NY UCC Law claims for the KBC's violations of her statutory duties under §4-213 and §4-302, are not "***nearly identical***" to any of the claims against ADB which is gone. The NY UCC provides only limited defenses under the NY UCC Law, and a "forum selection" clause of ADB which is dropped from the appeal - is no such defense under the NY UCC statute. The NY UCC Law takes precedence, and as to the violations of §4-213 and §4-302, the law imposes strict liability on the Payor bank, KBC. Bank liability for violations of NY UCC strictly enforced as a matter of law and public policy. See e.g., *H. Schultz & Sons, Inc. v. Bank of Suffolk Cty*., 439 F. Supp. 1137 (1977) (liability under UCC §4-213 for violation of the final payment rule and illegal reversal of final payment); *A.K.S. Jewelery Manufacturing Corp. v. Doras Distributor and The Chase Manhattan Bank, N.A.,* 210 A.D. 2d 35, 619 N.Y.S.2d 270 (1994)(liability under §4-302 for violation of the midnight deadline rule). Bank Checks are strictly enforced as a matter of law and public policy. *Kaufman v. Chase Manhattan Bank, N.A.*, 370 F. Supp. 276 (1973 S.D.N.Y.)

7

Mr. Martin has failed to explain why his answer cannot be provided on the public record, and he knows he cannot disclose settlement discussions at the CAMP Mediation so that cannot be the reason for his insistence on secrecy. Plaintiffs do not disclose the CAMP Mediation settlement matters. Plaintiffs discuss issues in the public legal record, such as the Declarations by Mr. Martin (Doc.#30, SDNY) and (Doc. #66-2, 2nd Circuit); and the Declaration of Joost Verlinden, KBC's legal expert, who concedes that KBC Bank is not a party to any so called "injunction" - and any prior Antwerp decision as to *ADB* does not impose obligations on the Payor bank KBC. ADB has been released from any injunction. *See* Decl. Verlinden, Doc.#34, SDNY, at Page 7, §18 and at Page 10, §31-32.

In addition, Mr. Martin refers to Fed. R. Evid. 408, 502(b) that do not apply and Fed. R. Civ. P., Rule 26(b)(3) which is not relevant as we are not in discovery phase. Mr. Martin has voluntarily waived any privilege by voluntary disclosure of his email to third parties with whom there is no joint defense agreement at present, and none at the time of disclosure in the appeal. *Cf. Phillippi v. CIA,* 546 F.2d 1009, 1013 (D.C. Cir. 1976) (instructing district courts "to create as complete a public record as possible" before electing to examine affidavits *in camera,* in order to obtain "the benefit of criticism and illumination" that is gained through participation by the opposing party's counsel) (citation omitted)); *Wilner v. Nat'l*

8

*Sec. Agency*, 592 F.3d 60, 68 (2d Cir. 2009) ("The court should attempt to create as complete a public record as is possible" (quotation marks omitted)).

Nothing here requires sealing. Also, it is important to note that this is the second inadvertent email received, and so it shows that Mr. Martin was not really concerned with privilege or confidentiality when sending emails and demonstrates he had no procedures to prevent disclosures after the first inadvertent disclosure.

The response by Orrick should be available to the public who have a constitutional and common law right to know and to access judicial documents. Mr. Martin is aware that KBC has no valid defense - and use of ADB's forum selection clause is unjust, unreasonable, unforeseeable, and inapplicable to KBC under *Horvath* and violates public policy. Mr. Martin knows the ADB is gone, and the forum selection clause is gone, and *Horvath* is inapplicable to KBC.[5]

Under the existing precedents, KBC must pay the Bank checks and return Plaintiffs' money - and a forum selection clause of another bank (ADB) which has been dismissed and dropped out of the appeal is no defense.

---

[5] As Mr. Martin knows, the test for a "non-signatory" seeking to apply a forum selection clause against another "signatory" is *foreseeability - as* stated by the district court. Doc. 50, p. 7, fn 9. See, *Magi XXI,Inc. v. Stato Della Citta Del Vaticano*, 714 F. 3d 714, 723 (2013). But here KBC and Plaintiffs are both "non-signatory" – and it was *unforeseeable* that KBC will violate the law and violate the New York UCC. Also ADB's forum clause has dropped out. Contrary to Mr. Martin's misleading declaration on June 20, 2014, there was no joint defense agreement or joint briefing arrangement *at present* ongoing in *the appeal* with ADB's counsel Helen Gredd and Patrick Garlinger. Mr. Martin recognized the fact that ADB's forum selection clause has been dropped from the appeal and that ADB counsel were not included in the appeal, and there was no common interest and there would be no joint brief in the appeal.

9

Mr. Martin knew ADB is gone, from the Addendums and Forms filed in the appeal, and from Plaintiffs' Appellants' Brief, filed June 19, 2014, one day before Mr. Martin's false declaration.[6] KBC has illegally withheld Plaintiffs' money for no legitimate reason. ███████████████████████████████████████, these proceedings have been tainted by his persistence in bad faith, in pursuing a frivolous legal position on behalf of KBC. The Orrick firm bad faith does not end with a frivolous legal position, but on June 20, 2014, Mr. Martin submitted a misleading declaration to the court under penalty of perjury - which is additional grounds for disqualification of Mr. Martin and his firm.

---

[6] Plaintiffs have stated in the complaint the KBC's violation of the Uniform Commercial Code, and violation of negotiable instruments law, and that Bank checks may not be stopped, and Bank checks are strictly enforced as a matter of law and public policy in New York, and Plaintiffs' cited the case of *Kaufman v. Chase Manhattan Bank*, 370 F. Supp. 276 (SDNY 1973) in the complaint. See e.g. Complaint, Doc. 1 at ¶¶6, 7, and Count I, ¶¶11, 12, 13-15. Plaintiffs have also properly alleged the unjust enrichment of KBC. See e.g., Doc. 1 at Count II, ¶¶ 16-20.

The district court refused to allow Plaintiffs to amend the complaint to specify additional causes of action such as conversion and other particular laws which have been violated by KBC. See District Court Order, Doc. #40. The district court also refused to allow Plaintiffs' to move for summary judgment for payment of the Bank checks. District Court Order, Doc. #39. Whether the Bank checks are characterized as teller's checks or cashier's checks - KBC has to pay. *Moon over the Mountain v. Marine Midland Bank,* 87 Misc. 2d 918 (1976) which involved a motion for summary judgment *in lieu* of complaint, and the bank was held liable for payment under the accelerated procedures of CPLR §3213. Further, the violations of the law, and stop payment of the Bank checks, and prior excuses given by KBC for not paying the Bank checks are gone, and discussed by Plaintiffs, and are in the legal record. See Declarations by Mr. Martin (Doc.#30, SDNY)(Doc. #66-2, 2nd Cir.), and by Mr. Joost Verlinden, KBC's legal expert, who concedes that KBC Bank is not a party to any so called "injunction" - and any prior Antwerp decision as to ADB does not impose obligations on the Payor bank KBC, and the ADB has been released from any "injunction". *See* Declaration Verlinden, Doc.#34, SDNY, at Page 7, §18 and Page 10, at §31-32; *See* Declaration of Diane Grimmig (Doc. #32), *See* Declaration Jan Berkers (Doc. #31). See also Declaration Hassan Abbas (Doc. #37), Declaration of Michel Zoumis (Doc.#36).

Plaintiffs have met their burden of showing that Mr. Martin's conduct warrants disqualification. Absent this relief of disqualification these proceedings will be undermined and further tainted by Mr. Martin's continued false statements, mockery of the judicial system, the court's intelligence, and Plaintiffs' counsel.

Mr. Martin claims, and wants everyone to now believe, ███████████ ████████████████████████████████████████████████ while he continues to pursue a frivolous legal position on behalf of KBC. The ordinary meaning of his words in his email of May 22, 2014, are obvious – not sarcasm.

There is no legitimate reason to seal the judicial documents and Orrick have not met their burden for the sealing of documents, particularly when the public has a right to know and the public has a right to access judicial documents.

WHEREFORE, Plaintiffs-Appellants, Hassan A. Abbas, and Midamines Sprl Ltd., respectfully request the court to deny Orrick's motion to file Response under seal.

Respectfully submitted,

*s/ Hassan A. Abbas*

Hassan A. Abbas
Counsel of Record for Plaintiffs-Appellants
Midamines Sprl Ltd. and Hassan A. Abbas, Esq.
19 Don Carlos Drive
Hanover Park, Illinois 60133
Tel. 630 233 0621 - Fax 630 233 88400
Email: *ha.law@hotmail.be*

11