# Exhibit 6

_____

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

_____

| | |
|---|---|
| MIDAMINES SPRL LTD. ) | Case No. 14-862 |
| Plaintiffs-Appellants ) | |
| v. ) | On Appeal From the USDC NYSD |
| ) | 12 cv 8089, Hon. Richard J. Sullivan |
| KBC BANK NV ) | Date of Final Order/Notice of Appeal |
| <u>Defendants-Appellees</u>            ) | Filed: March 19, 2014 |

## PLAINTIFFS'-APPELLANTS REPLY TO THE RESPONSE
## BY RICHARD MARTIN AND ORRICK, HERRINGTON, SUTCLIFFE LLP

Plaintiffs-Appellants, Abbas and Midamines, respectfully submit their Reply to the Sealed Opposition by Richard Martin and Orrick, Herrington, Sutcliffe, LLP (hereinafter collectively "Orrick") which includes the second Declaration of Richard Martin, Certificate of Service, and Letter to the Clerk.

The *Motion to Disqualify* Orrick Counsel is based on the facts, the law, and the Orrick lawyers' violations of the rules of professional conduct. The objective of the disqualification rule is to "preserve the integrity of the adversary process," *Board of Education of the City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). The integrity of the adversary process has been undermined by Orrick.

The courts have "…not hesitated to disqualify counsel when the circumstances warranted it..", *Evans v. Artek Systems Corporation*, 715 F. 2d. 788 (2d Cir. 1983). The circumstances here warrant disqualification of Orrick.

1

On May 22, 2014, Mr. Martin voluntarily sent an email to lawyers outside his firm, and waived any privilege, and stated in his email:

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████████

████████████████████████████

████ his client KBC's request for costs and attorney's fees is utterly without merit and should be rejected.  Mr. Martin seeks to seal from the public, who have a right to know, and who have a right to access judicial documents, ████████

██████████████████████████████████████

████████████████████████████, which does not apply for dismissal of the KBC. ████████████████████ the district court erred in its reliance on *Horvath* to lump together two banks under one ADB forum clause – which does not apply to KBC. Mr. Martin also concedes there is no joint briefing with ADB. ████████████████████

████████████████████████████, while he claims in his declaration, App. Doc. 66-2, ¶4, he made an *assessment* as to settlement.  Mr. Martin's "*strategy*" is to pursue a frivolous legal position, ████████

████████████████████████████, and this is abusive litigation practice and sanctionable conduct.  KBC and Orrick should pay the costs and fees.

2

Mr. Martin made a false declaration under penalty of perjury, on June 20, 2014, App. Doc. 66-2 at ¶2, where he states: "*..the banks have operated under a joint defense agreement which continues in effect to the present in light of this appeal..*", but this is belied by the fact that █████████████████████████████████████████████████████████████

Mr. Martin knows there is no "agreement", no "common interest", no "joint brief" in the appeal *at present* between KBC and ADB, as the appeal is only against KBC. Mr. Martin *knew* on May 22, 2014, when he sent his email, that ADB was dropped from the appeal, and that ADB counsel are not included, and also have dropped from the appeal.[1]

The same perjurious statements were repeated by Mr. Martin in his Sealed Opposition (App. Doc. 77, e.g. at p. 1) and Sealed Declaration of Martin on June 23, 2014, at ¶3, also under penalty of perjury, where he states again that KBC and ADB are operating under a joint defense or common interest agreement *at present*. These repeated false statements also provide grounds for Orrick's disqualification.

---

[1] Antwerp Diamond Bank's ("ADB") counsel filed a motion to dismiss ADB from the appeal on June 23, 2014 (App. Doc. 69-2) which has been submitted (App. Doc. 91) to the substantive motion calendar of the court for July 15, 2014, along with the instant motion to disqualify Orrick. Therefore, clearly in this appeal, *there is no joint defense agreement* between ADB and KBC Bank *at present in the appeal*, as falsely stated by Mr. Martin – and there was none on May 22, 2014 – as Mr. Martin acknowledged in his email. Plaintiffs' agreed not to oppose Antwerp Diamond Bank's motion but Plaintiffs' fully reserve their rights to pursue ADB in other courts – and informed ADB's counsel accordingly.

3

Orrick's opposition and sealing request does not comport with the constitutional standards set forth in *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1 (1986), protecting the public's right to access judicial documents. *Plaintiffs Opposition to Motion to Seal Document* (App. Doc. #74). Neither the Motion to Disqualify Richard Martin and Orrick, nor the Opposition by Orrick, nor the little "3-sentence" email of May 22, 2014, should be subject to sealing. In fact, Orrick has not met the standard for sealing judicial documents under the Second Circuit. Mr. Martin has completely failed to support his motion with proof of a single privileged document, nor proof of any attorney-client confidential communications, and Mr. Martin has waived any privilege.

Mr. Martin unilaterally claims privilege or confidential communications without proving any of the necessary elements, and he knows he has waived any "privilege" by voluntary disclosure to third parties who are not in his firm and with whom no joint agreement was in effect at the time of disclosure. The burden of proving each element of the privilege rests upon the party asserting it. See e.g., *Matter of Gavin*, 39 A.D.2d 626, 628 (1972); *Matter of Grand Jury Empanelled Feb. 14, 1978*, 603 F.2d 469, 474 (1978). It is Orrick's burden to show that the privilege exists, and was not waived. *John Blair Communications, Inc. v Reliance Cap. Group*, L.P., 182 AD2d 578 [1st Dept 1992]); *Manufacturers and Traders Trust Co. v Servotronics,* Inc., 132 AD2d 392 [4th Dept 1987]). [FN7] [*13].

4

There is no privilege as to the May 22, 2014 email. Also, it is well settled that voluntary disclosure to third parties waives any privilege. There is no privileged document, no confidential communication, no joint defense agreement at present in the appeal between ADB and KBC, and any privilege has been waived or destroyed. See e.g., *S.E.C. v. Cassano*, 189 F.R.D. 83 (S.D.N.Y. 1999). Rule 4.4, New York Rules of Professional Conduct, impose only a minimal burden of notification on the attorney receiving an inadvertent email. Orrick was notified. Orrick's present attempt to bar Plaintiffs' use of the email is contrary to Rule 4.4.[2]

---

[2] The relevant Comments to Rule 4.4 state for example, [1] Responsibility to a client requires a lawyer to subordinate the interests of others to those of the client, .. [2] …this Rule does not require that the lawyer refrain from reading or continuing to read the document,.. [3] … Because there are circumstances where a lawyer's ethical obligations should not bar use of information obtained from an inadvertently sent document, .. and .. <u>this Rule does not subject a lawyer to professional discipline for reading and using that information</u>. Thus KBC's request for costs and fees is frivolous and unwarranted. Accordingly, in deciding whether to retain or use an inadvertently received document, some lawyers may take into account whether the attorney-client privilege would attach. But if applicable law or rules do not address the situation, … decisions to refrain from reading such documents or to return them, or both, are matters of professional judgment reserved to the lawyer. The May 22, 2014 email was sent to me, and to Santo Terenzio, an attorney in Illinois who is not even participating in this case, and to third parties who are lawyers outside the Orrick firm such as Helen Gredd and Patrick Garlinger, with whom Mr. Martin has no joint briefing arrangement and no common interest agreement and no joint defense at present in the appeal. Mr. Martin's voluntary disclosure to third parties waives any privilege. See e.g., *In re Sealed Case*, 877 F.2d 976, 980-81 (D.C. Cir. 1989), *United States v. Gangi*, 1 F. Supp.2d, 256, 263 (S.D.N.Y. 1998); *FDIC v. Singh*, 140 F.R.D. 252, 253 (D. Me. 1992). The email was also sent by Mr. Martin outside the scope of the attorney-client relationship. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

Mr. Martin has failed to explain why his answer cannot be provided on the public record, and he knows that he cannot disclose settlement discussions of the CAMP Mediation so that cannot be the real reason for his insistence on secrecy. The Plaintiffs did not disclose the CAMP Mediation settlement discussions contrary to the misleading statements in the Sealed Declaration of Mr. Martin on June 23, 2014, at ¶7. Mr. Martin's claim that KBC's response *requires* disclosure of CAMP settlement discussions is simply not true.

Plaintiffs discuss matters in the public record, like the district court's order and *Horvath*, Declarations by Mr. Martin, see, Doc. 30, SDNY, Doc. 66-2, 2nd Cir. Plaintiffs discuss the Declaration of Joost Verlinden, KBC's legal expert, who concedes that KBC Bank is not a party to any so called "injunction" – and Verlinden concedes any prior Antwerp decision as to *ADB* does not impose obligations on the KBC, Payor bank. KBC has no reason not to pay the Bank checks, as Orrick knows, and ADB also has been released from any injunction. *See* Decl. Verlinden, Doc. #34, SDNY, at Page 7, ¶18 and at Page 10, ¶¶31-32.[3]

---

[3] That Mr. Martin ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is not sufficient to sustain opposition. Sealing is not necessary to preservation of higher values and not narrowly tailored to any legitimate aim. The alleged sarcasm of Mr. Martin is not a "higher value" to be preserved. Decl. Martin, June 23, 2014, Page 6. Plaintiffs provided Orrick/KBC documents showing Mr. Abbas authority to give wire payment instructions to KBC and the freezing of an irrelevant Congo order, but was ignored by KBC and Orrick.

Mr. Martin claims in his declaration that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, s*ee* Sealed Decl. Martin, June 23, 2014, page 6. Therefore according to his *own* statement, if it is to be believed, Mr. Martin is capable of sarcasm, and indeed, Mr. Martin's opposition is in of itself an exercise in "sarcasm". Mr. Martin goes to great lengths in his opposition to defend what he calls his "sardonic comments" in his email of May 22, 2014.

The opposition is a mockery of the judicial system, Plaintiffs' counsel and amounts to contempt of court by Orrick, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ – but Orrick has an obligation to reveal to the court, legal authority adverse to their client KBC, such as the *Horvath* case. Orrick cannot now twist matters and make ▮▮▮▮▮▮▮▮▮▮ statements of fact to the court that *Horvath* applies, or there is a joint defense agreement with ADB, when there is none. See NY DR 7-106(B)(1), NY DR 7-102(A)(5), NY DR 7-102(A)(2).[4]

---

[4] The truth is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, merely to harass, delay, and prolong the litigation, and cause expenses, and maliciously injure Plaintiffs, by conversion of the funds by KBC, and as such warrants disqualification of Orrick. Although Mr. Martin tries to "play it off" as being "sarcastic" – we can only see the plain and ordinary meaning of his words in the email, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and it is essential that adverse law to KBC, and/or error of the district court, be fully disclosed for the proper administration of justice.

Mr. Richard Martin and Orrick have a duty not to pursue frivolous legal positions and an ethical obligation to disclose cases adverse to their client KBC, and to refrain from submitting false declarations – and to inform the Court of Appeals accordingly. ▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, and so was mistakenly relied on by the district court to improperly lump together both banks, ADB and KBC.[5] ▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬KBC cannot "piggy back" on the unavailable Antwerp Diamond Bank ("ADB") forum selection "clause" – as ADB and the "clause" have dropped out of the appeal, and ADB itself seeks to be dismissed.

---

[5] Plaintiffs did not waive any arguments as to KBC, and the issues on appeal are reviewed *de novo* and the district court accorded no weight. NY UCC Law claims for the KBC's violations of her statutory duties under §4-213 and §4-302, apply only to the Payor Bank, KBC, and are not "nearly identical" to any of the claims against ADB which is gone. The NY UCC Law provides only limited defenses under the NY UCC Law, and a "forum selection" clause of ADB which is dropped from the appeal - is no such defense under the statute. The NY UCC Law takes precedence, and as to the violations of §4-213 and §4-302, and the law imposes strict liability on the Payor bank, KBC. Bank liability for violations of NY U.C.C. Law is strictly enforced as a matter of law and public policy. See e.g., *H. Schultz & Sons, Inc. v. Bank of Suffolk Cty.*, 439 F. Supp. 1137 (1977) (liability under UCC §4-213 for violation of the final payment rule and illegal reversal of final payment); *A.K.S. Jewelery Manufacturing Corp. v. Doras Distributor and The Chase Manhattan Bank, N.A.,* 210 A.D. 2d 35, 619 N.Y.S.2d 270 (1994)(liability under §4-302 for violation of the midnight deadline rule). Bank Checks are strictly enforced as a matter of law and public policy. *Kaufman v. Chase Manhattan Bank, N.A.*, 370 F. Supp. 276 (1973 S.D.N.Y.) Forum selection clauses that violate public policy are inapplicable. See e.g., *F.A. Straus & Co. v. Canadian Pac. Ry. Co.*, 254 N.Y. 407, 173 N.E. 564 (Nov. 18, 1930)

In addition, Mr. Martin refers to Fed. R. Evid. 408, 502(b) which do not apply and Fed. R. Civ. P., Rule 26(b)(3) which is not relevant as we are not in discovery phase. Also, it is important to note that this is <u>the second inadvertent email</u> received, and so it shows that Mr. Martin was not really concerned with privilege or confidentiality when sending his emails and had no procedures to prevent inadvertent disclosures. ▮▮▮▮▮▮▮▮▮▮▮▮ KBC has no valid defense and use of ADB's forum clause is unjust, unreasonable, unforeseeable, and inapplicable to KBC under *Horvath* and violates public policy and NY UCC.[6]

---

[6] As Mr. Martin knows, the test for a "non-signatory" seeking to apply a forum selection clause against another "signatory" is *foreseeability - as* stated by the district court. (Appeal Appendix A-18) (Doc. 50, p. 7, fn 9). See, *Magi XXI,Inc. v. Stato Della Citta Del Vaticano*, 714 F. 3d 714, 723 (2013). But here KBC and Plaintiffs are both "non-signatory" – and it was *unforeseeable* that KBC will violate the law and violate the New York UCC. Plaintiffs have stated in the complaint the KBC's violation of the UCC and violation of negotiable instruments law, and Bank checks may not be stopped, See e.g. Complaint, Doc. 1 at ¶¶6, 7, and Count I, ¶¶11, 12, 13-15. Plaintiffs have also properly alleged the unjust enrichment of KBC. Doc. 1, Count II, ¶¶ 16-20. The district court refused to allow Plaintiffs to amend the complaint to specify additional causes of action such as conversion and particular laws which have been violated by KBC. (District Court Order, Doc. #40). The district court also refused to allow Plaintiffs' to move for summary judgment for payment of the Bank checks. (District Court Order, Doc. #39). Whether the Bank checks are teller's checks or cashier's checks - KBC has to pay. *Moon over the Mountain v. Marine Midland Bank,* 87 Misc. 2d 918 (1976) which involved a motion for summary judgment *in lieu* of complaint, and the bank was held liable for payment under the accelerated procedures of CPLR §3213. A forum clause which violates public policy is unenforceable. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 18 (1972). Also a forum clause that is unjust is unenforceable, see, *Phillips v. Audio Active, Ltd.,* 494 F.3d 378 at 383-384 (2nd Circ. 2007). Orrick improperly uses ADB's clause – to unjustly enrich KBC.

Plaintiffs have met their burden of showing that Mr. Martin's conduct warrants disqualification. Absent this relief of disqualification these proceedings will be further tainted by Mr. Martin's false statements, pursuit of a frivolous legal positions, contempt of court, and mockery of the judicial system.[7]

There is no legitimate reason for this abusive litigation practice by Orrick and persistence in a frivolous legal position unwarranted by existing law merely to delay, harass and maliciously injure Plaintiffs. The Plaintiffs seek their costs and attorneys' fees due to Mr. Martin's conduct which unreasonably and vexatiously multiplies proceedings. 28 USC §1927. Mr. Martin's portrays Plaintiffs' valiant settlement efforts as "forcing" and as an attempt to "extract" and this portrayal is absurd. ███████████████████████████████████

████████. Plaintiffs' amicable efforts at resolution should be praised by Orrick.

---

[7] If KBC insists on pursuing the assertion that *Horvath* applies, when it does not apply, then it should not do so with Orrick ████████████████████████████████████████████████████. Orrick cannot in good faith state *Horvath* applies ████████████████████████████████████████████████████. The opposition (App. Doc. 74, 77) filed by Orrick violates Rule 11 and is grounds for sanctions and disqualification ████████████████████████████████████████████████████. Also Mr. Martin claims, ██████████████████████████████████████████████████████ was purely <u>sarcastic</u> while he continues to pursue a frivolous legal position on behalf of KBC. The ordinary meaning of Mr. Martin's words in his email of May 22, 2014, are obvious – not sarcasm. It is worth noting Orrick does not seem to care about disqualification as Orrick missed the deadline for filing the opposition to the Motion to Disqualify and filed a frivolous Motion to File Late (App. Doc. 79) which was opposed by Plaintiffs (App. Doc. 81).

For the foregoing reasons, Plaintiffs-Appellants, Hassan Abbas, and Midamines Sprl Ltd., respectfully request the court to:

(a) Disqualify Mr. Martin and Orrick from further representing KBC Bank in order to preserve the integrity of the adversary process.

(b) Plaintiffs respectfully seek their costs and fees in this appeal as Orrick is vexatiously multiplying proceedings and knowingly pursuing a frivolous legal position to delay, harass, and cause expenses, and maliciously injure, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and KBC has legal obligation to pay bank checks.

(c) KBC will not be prejudiced and has time to find alternative representation who are competent to go forward, and to file the Appellee's brief in a timely and proper manner with new counsel by September 17, 2014, as recently ordered.

(d) The perjurious statements to the court in Mr. Martin's two declarations and opposition are also sufficient grounds to disqualify him and the Orrick firm.

Respectfully submitted,

*s/ Hassan A. Abbas*

Hassan A. Abbas
Counsel of Record for Plaintiffs-Appellants
Midamines Sprl Ltd. and Hassan A. Abbas, Esq.
19 Don Carlos Drive
Hanover Park, Illinois 60133
Tel. 630 233 0621 - Fax 630 233 88400
Email: *ha.law@hotmail.be*

11