# Exhibit 8

_____

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

_____

| | |
|---|---|
| MIDAMINES SPRL LTD. ) | **Case No. 14-862** |
| Plaintiffs-Appellants ) | |
| v. ) | On Appeal From the USDC NYSD |
| ) | 12 cv 8089, Hon. Richard J. Sullivan |
| KBC BANK NV ) | Date of Final Order/Notice of Appeal |
| <u>Defendants-Appellees      </u>) | Filed: March 19, 2014 |

## **<u>DECLARATION OF HASSAN ABBAS</u>**

I, HASSAN ABBAS, pursuant to §28 U.S.C. § 1746, declare as follows:

1. I am an Illinois attorney and counsel for Midamines Sprl Ltd., an Illinois corporation.  Plaintiffs-Appellants bring this appeal against KBC Bank only, and are seeking the payment of their money in the amount of $35,110.72USD and 56,414.73Euro.  Plaintiffs are the holders in due course of two valid and irrevocable Bank checks drawn on KBC Bank - which the KBC failed to pay.

2. I have personal knowledge of the facts contained herein and would be competent to testify thereto.

3. I make this declaration to clarify the facts due to misrepresentations by KBC's counsel, Mr. Martin, and in opposition to Orrick's *Motion to File Response Under Seal* (Doc. 66) and Orrick's *Reply Memorandum* (Doc. 100).

1

4. On April 29, 2014, I received the first inadvertent email from Mr. Martin. In his first carelessly sent email, Mr. Martin stated in part to his colleagues at Orrick, "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████"

5. Mr. Martin apologized for his April 29, 2014 email and indicated he would forward the proposal to KBC – but Mr. Martin failed to implement any reasonable precautions to prevent subsequent disclosures, and Mr. Martin failed to fix the settings on his i-Pad or computer to prevent future inadvertent emails. Then it happened again on May 22, 2014.

6. On May 22, 2014, I received a second inadvertent email from Mr. Richard Martin of Orrick Herrington Sutcliffe LLP, sent from rmartin@orrick.com to the following: habbas@handlerthayer.com, ha.law@hotmail.be, nraj@orrick.com, HGredd@LSWLAW.com, sptlaw@sbcglobal.net, pgarlinger@lswlaw.com. The email was sent to me, and lawyers outside the law firm of Orrick, such as Helen Gredd and Patrick Garlinger, and even and including to Mr. Santo P. Terenzio, an attorney in Illinois, who is not participating as counsel in this case. The mail stated:

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

2

7.  On May 22, 2014, the same day, I received another email from Mr. Martin which stated: "*Mr. Abbas, I apologize for doing this again.*" Mr. Martin further stated: "*This is apparently a fault in my i-Pad that I was unaware of*", but Mr. Martin was aware of the existence of a fault in his iPad on April 29, 2014.

8.  Mr. Martin was also aware that his email of May 22, 2014 was his <u>second</u> inadvertent email – but he failed to disclose this material fact to the court in his reply memorandum (Doc. 100) because it shows that he failed to take reasonable precautions on April 29, 2014, after sending out his first inadvertent email.

9.  Mr. Martin falsely states in his Reply Memorandum (Doc. 100, at p. 10) that:

    "*Furthermore, Plaintiffs cannot demonstrate that the mistaken transmission of a single, errant email to Mr. Abbas was the result of a failure to take reasonable precautions on the part of KBC's counsel.*"

    Plaintiffs can demonstrate the email of May 22, 2014, was not the "*transmission of a single, errant email*" – but was the second email transmission – and was the result of a failure to take reasonable precautions on the part of KBC's counsel.

10. On May 24, 2014, Mr. Martin sent me yet another email claiming that his comments in the May 22, 2014 email were "*sarcastic*" and that "*I have now fixed the flaw in the setting in my computer which automatically included all recipients to emails which I intended to forward to specific people..*". Mr. Martin's device settings could have been fixed after his first inadvertent email on April 29, 2014.

3

11. I consulted the New York Rules of Professional Conduct, Rule 4.4, relative to inadvertent emails which states the attorney receiving an inadvertent email has only a minimal burden of notification, and as such, I did notify Mr. Martin and Orrick that I had received the second inadvertent email of May 22, 2014.

12. I reviewed the Comments to New York Rule 4.4, which state in relevant part, at: [1] responsibility to a client requires the lawyer to subordinate the interests of others to those of his client, and at [2] counsel is not required to refrain from reading or refrain from continuing to read the document.., and at [3] there are circumstances where a lawyer's ethical obligation should not bar use of an inadvertently sent document,.. and that an attorney receiving an inadvertent email is <u>not</u> subject to professional discipline for reading or using that information.

13. As such I am not barred from reading or keeping or using that information from Mr. Martin's, May 22, 2014, email, and New York Rule 4.4 also states that as counsel I may exercise my professional judgment as to the matter at hand.

14. On May 22, 2014, I provided Mr. Martin officially published documents which show that I have full authority as legal director of Midamines to give ADB and KBC wire payment instructions as to our funds, which have been withheld for no legitimate reason by KBC New York and KBC Brussels for two years.

15. I instructed the KBC bank to make payment of Plaintiffs' monies and provided account numbers. KBC failed to follow my wire transfer instructions.

16. The reason for this litigation is that KBC has failed to pay the irrevocable Bank checks, and has failed to honor her obligations to return Plaintiffs' monies, and KBC has failed to comply with New York law and public policy and violated the statutory duties as to a Payor bank under the NY Uniform Commercial Code.

17. The Antwerp Diamond Bank ("ADB") has dropped out of the appeal and the ADB forum clause has dropped out. ADB moved to be dismissed from the appeal.

18. Plaintiffs' claims on appeal relate to the KBC only and arise out of KBC's operative facts: (a) KBC made final payment of the Dollar Check $35,110.72USD into the account of Midamines Sprl Ltd., and then KBC reversed the payment and took the money out of Midamines' account without authorization some two weeks after payment, and (b) KBC failed to pay the 56,414.73 Euro, and failed to act in a timely manner, beyond the midnight deadline, and failed to return the Euro check.

19. Mr. Martin states in his reply that a "parent-subsidiary" relationship "exists here between KBC and ADB" (See Reply Memo, Doc. 100, p. 7) but Mr. Martin fails to disclose to the Court that ADB has been sold to the Yinren Group.

20. Based on information and belief, Yinren Group now controls and owns ADB (See District Court Doc. #48). Mr. Martin also knows that KBC's sale of Antwerp Diamond Bank ("ADB") was mandated by the European Commission (one of KBC's regulators). Yinren Group is awaiting regulatory approval or may have already received by now final approval for its acquisition of ADB.

21.     On May 22, 2014, Mr. Martin stated in his email that: ████████████ ████████████ I had submitted a proper settlement offer to forward to KBC.

22.     On May 22, 2014, I presented a valid argument to Mr. Martin that the case *Horvath v. Banco Comercial Portugues* relied on by the district court was distinct, and inapplicable to KBC. ████████████████████████████████

████████████████████████████████

23.     The email sent by Mr. Martin on May 22, 2014, was not an isolated event, and therefore Mr. Martin has misled the court in his Reply Memo (Doc. 100) by stating it was a "*single, errant email*" and pretending that it was an isolated event.

24.     As counsel for Midamines Sprl Ltd., I am required under New York Rule 4.4, to subordinate the interests of others, such as KBC and Orrick, to those of my client. I would be remiss in my duty of competent representation, and also remiss in my ethical obligation to my client, if I did not use Mr. Martin's email of May 22, 2014 accordingly, as is proper and permitted, under the New York Rules of Professional Conduct, Rule 4.4.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:   July 10, 2014

*s/ Hassan Abbas*

**HASSAN ABBAS**

6