# Exhibit 9

_____

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
_____

| | | |
|---|---|---|
| MIDAMINES SPRL LTD. | ) | Case No. 14-862 |
| Plaintiffs-Appellants | ) | |
| v. | ) | On Appeal From the USDC NYSD |
| | ) | 12 cv 8089, Hon. Richard J. Sullivan |
| KBC BANK NV | ) | Date of Final Order/Notice of Appeal |
| <u>Defendants-Appellees</u> | ) | Filed: March 19, 2014 |

## PLAINTIFFS'-APPELLANTS REPLY TO THE RESPONSE BY RICHARD MARTIN AND ORRICK, HERRINGTON, SUTCLIFFE LLP

Plaintiffs-Appellants, Abbas and Midamines, respectfully submit their Reply to the Sealed Opposition by Richard Martin and Orrick, Herrington, Sutcliffe, LLP (hereinafter collectively "Orrick") which includes the second Declaration of Richard Martin, Certificate of Service, and Letter to the Clerk.

The *Motion to Disqualify* Orrick Counsel is based on the facts, the law, and the Orrick lawyers' violations of the rules of professional conduct. The objective of the disqualification rule is to "preserve the integrity of the adversary process," *Board of Education of the City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). The integrity of the adversary process has been undermined by Orrick.

The courts have "…not hesitated to disqualify counsel when the circumstances warranted it..", *Evans v. Artek Systems Corporation*, 715 F. 2d. 788 (2d Cir. 1983). The circumstances here warrant disqualification of Orrick.

1

On May 22, 2014, Mr. Martin voluntarily sent an email to lawyers outside his firm, and waived any privilege, and stated in his email:

███████████████████████████

███████ his client KBC's request for costs and attorney's fees is utterly without merit and should be rejected. Mr. Martin seeks to seal from the public, who have a right to know, and who have a right to access judicial documents, █████████

██████████████████████, which does not apply for dismissal of the KBC. ████████████ the district court erred in its reliance on *Horvath* to lump together two banks under one ADB forum clause – which does not apply to KBC. Mr. Martin also concedes there is no joint briefing with ADB. ████████████

██████████████████, while he claims in his declaration, App. Doc. 66-2, ¶4, he made an *assessment* as to settlement. Mr. Martin's "*strategy*" is to pursue a frivolous legal position, ████████

████████████████, and this is abusive litigation practice and sanctionable conduct. KBC and Orrick should pay the costs and fees.

2

Mr. Martin made a false declaration under penalty of perjury, on June 20, 2014, App. Doc. 66-2 at ¶2, where he states: "*..the banks have operated under a joint defense agreement which continues in effect to the present in light of this appeal..*", but this is belied by the fact that on ███████████████████████████████████████████████████████████████████[1] Mr. Martin *knew* on May 22, 2014, when he sent his email, that ADB was dropped from the appeal, and that ADB counsel have dropped from the appeal.[2] The same perjurious statements were repeated by Mr. Martin in his Sealed Opposition (App. Doc. 77, p. 13) and his Sealed Declaration on June 23, 2014, at ¶3, under penalty of perjury.

Mr. Martin's false statements also continue into subsequent submissions. Mr. Martin falsely states in his Reply Memorandum (Doc.100, p. 10):

"*Furthermore, Plaintiffs cannot demonstrate that the mistaken transmission of a single, errant email to Mr. Abbas was the result of a failure to take reasonable precautions on the part of KBC's counsel.*"

Plaintiffs can demonstrate that Mr. Martin's email of May 22, 2014, was not "*a single, errant email*" – but was the second such inadvertent email transmission.

---

[1] Mr. Martin knows there is no "common interest", no "joint brief", in the appeal *at present* between KBC and ADB, and knows the appeal is only against KBC.

[2] Antwerp Diamond Bank's ("ADB") counsel filed a motion to dismiss ADB from the appeal on June 23, 2014 (App. Doc. 69-2) which has been submitted (App. Doc. 91) to the substantive motion calendar of the court for July 15, 2014, along with the motion to disqualify Orrick. Here, *there is no joint defense agreement* between ADB and KBC *at present in the appeal*, as falsely stated by Mr. Martin –

3

Plaintiffs can also show that Mr. Martin's email of May 22, 2014, was the result of a failure to take reasonable precautions on the part of KBC's counsel.[3]

Neither the Motion to Disqualify Richard Martin and Orrick, nor the Opposition by Orrick, nor the little "3-sentence" email of May 22, 2014, should be subject to sealing.[4] Orrick has not met the standard for sealing judicial documents under the Second Circuit. Mr. Martin has failed to support his motion with proof of a privileged document, or proof of attorney-client confidential communications[5]

---

[3] On April 29, 2014, Mr. Abbas received first inadvertent email from Mr. Martin, who became aware of the problem with his iPad or computer, but he failed to take reasonable steps to fix the settings on his devices to prevent subsequent inadvertent disclosures, showing a lack of concern for privilege. Decl. Abbas (Doc. 108-2).

[4] Orrick's opposition and sealing request does not comport with the constitutional standards set forth in *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 8-9 (1986), protecting public's right to access judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (common law and constitutional rights of access to judicial documents apply in civil case). See also, *Plaintiffs Opposition to Defendants' Motion to Seal Documents* (Doc. #74).

[5] Mr. Martin unilaterally claims privilege or confidential communications without proving any of the necessary elements. Mr. Martin knows he has waived privilege by his voluntary disclosure to third parties who are not in his firm and with whom no joint agreement was in effect at the time of disclosure. The burden of proving each element of the privilege rests upon the party asserting it. See e.g., *Matter of Gavin*, 39 A.D.2d 626, 628 (1972); *Matter of Grand Jury Empanelled Feb. 14, 1978*, 603 F.2d 469, 474 (1978). It is Orrick's burden to show that the privilege exists, and was not waived. *John Blair Communications, Inc. v Reliance Cap. Group*, L.P., 182 AD2d 578 [1st Dept 1992]); *Manufacturers and Traders Trust Co. v. Servotronics,* Inc., 132 AD2d 392 [4th Dept 1987]). [FN7] [*13].

4

There is no privilege as to the May 22, 2014 email. It is well settled that voluntary disclosure to third parties waives any privilege. There was negligence by Mr. Martin in repeated inadvertent emails, and there was no privileged document, no confidential communication, no joint defense at present in the appeal between ADB and KBC, and any privilege has been waived. See e.g., *S.E.C. v. Cassano*, 189 F.R.D. 83 (S.D.N.Y. 1999), *In re Sealed Case*, 877 F.2d 976, 980-81 (D.C. Cir. 1989), *United States v. Gangi*, 1 F. Supp.2d, 256, 263 (S.D.N.Y. 1998).[6]

---

[6] Rule 4.4, New York Rules of Professional Conduct, impose only a minimal burden of notification on the attorney receiving an inadvertent email. Orrick was notified. Orrick's present attempt to bar Plaintiffs' use of the email is contrary to Rule 4.4The relevant Comments to Rule 4.4 state for example, [1] Responsibility to a client requires a lawyer to subordinate the interests of others to those of the client, .. [2] …this Rule does not require that the lawyer refrain from reading or continuing to read the document,.. [3] … Because there are circumstances where a lawyer's ethical obligations should not bar use of information obtained from an inadvertently sent document, .. and .. <u>this Rule does not subject a lawyer to professional discipline for reading and using that information</u>. Thus KBC's request for costs and fees is frivolous and unwarranted. Accordingly, in deciding whether to retain or use an inadvertently received document, some lawyers may take into account whether the attorney-client privilege would attach. But if applicable law or rules do not address the situation, … decisions to refrain from reading such documents or to return them, or both, are matters of professional judgment reserved to the lawyer. The May 22, 2014 email was sent to me, and to Mr. Santo Terenzio, an attorney in Illinois, who is not even participating in this case, and to attorneys who are outside the Orrick firm, like Ms. Gredd and Mr. Garlinger, with whom Mr. Martin has no joint briefing arrangement. Mr. Martin's voluntary disclosure to third parties waives privilege. See, *FDIC v. Singh*, 140 F.R.D. 252, 253 (D. Me. 1992). The email was sent outside the scope of the attorney-client relationship. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

Mr. Martin has failed to explain why his answer cannot be provided on the public record, and he knows that he cannot disclose settlement discussions of the CAMP Mediation so that cannot be the real reason for his insistence on secrecy. The Plaintiffs did not disclose the CAMP Mediation settlement discussions, contrary to the misleading statements in the Sealed Declaration of Mr. Martin on June 23, 2014, at ¶7. Mr. Martin's claim that KBC's response *requires* disclosure of CAMP settlement discussions is simply not true.

Plaintiffs discuss matters in the public record, like the district court's order and *Horvath*, Declarations by Mr. Martin, see, Doc. 30, SDNY, Doc. 66-2, 2nd Cir. Plaintiffs discuss the Declaration of Joost Verlinden, KBC's legal expert, who concedes that KBC Bank is not a party to any so called "injunction" – and Verlinden concedes any prior Antwerp decision as to *ADB* does not impose obligations on the KBC, Payor bank. KBC has no reason not to pay the Bank checks, as Orrick knows, and ADB also has been released from any injunction. *See* Decl. Verlinden, Doc. #34, SDNY, at Page 7, ¶18 and at Page 10, ¶¶31-32.[7]

---

[7] That Mr. Martin ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is in the public record is not sufficient to sustain the sealing, which is not necessary to preservation of higher values and not narrowly tailored to any legitimate aim. The alleged sarcasm of Mr. Martin is not a "higher value" to be preserved. Decl. Martin, June 23, 2014, p. 6. Plaintiffs provided KBC officially published documents showing Mr. Abbas' authority as legal director of Midamines to give wire payment instructions to KBC, but was ignored by KBC and Orrick.

Mr. Martin claims in his declaration that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, s*ee* Sealed Decl. Martin, June 23, 2014, page 6.  Thus, the email cannot be privileged work product as accordingly it does not reveal the real mental impressions, conclusions, theories,

The opposition is a mockery of the judicial system, Plaintiffs' counsel and amounts to contempt of court by Orrick, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ – but Orrick has an obligation to reveal to the court, legal authority adverse to their client KBC, such as the *Horvath* case.  Orrick cannot now twist matters and make ▮▮▮▮▮▮▮▮▮▮ statements of fact to the court that *Horvath* applies, or there is a joint defense agreement with ADB, when there is none.  See NY DR 7-106(B)(1), NY DR 7-102(A)(5), NY DR 7-102(A)(2).[8]

---

[8] Therefore according to his *own* statement, if it is to be believed, Mr. Martin is capable of sarcasm, and indeed, Mr. Martin's opposition is in of itself an exercise in "sarcasm".  Mr. Martin goes to great lengths in his opposition to defend what he calls his "sardonic comments" in his email of May 22, 2014. The truth is Mr. Martin seeks ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, merely to harass, delay, and prolong the litigation, and cause expenses, and maliciously injure Plaintiffs, by conversion of the funds by KBC, and as such warrants disqualification of Orrick.  Mr. Martin tries to "play it off" as being "sarcastic" – and wants everyone to believe that, but we can only see the plain and ordinary meaning of his words in the email, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and it is essential that adverse law to KBC, and/or error of the district court, be fully disclosed for the proper administration of justice.

Mr. Richard Martin and Orrick have a duty not to pursue frivolous legal positions and an ethical obligation to disclose cases adverse to their client KBC, and to refrain from submitting false declarations – and to inform the Court of Appeals accordingly. Here, ███████████████████████████████████████████████████████████████████████████████████████████████████████, and so was mistakenly relied on by the district court to improperly lump together both banks, ADB and KBC.[9] ████████████████████████████████████████████████ KBC cannot "piggy back" on the unavailable Antwerp Diamond Bank ("ADB") forum selection "clause" – as ADB and the "clause" have dropped out of the appeal, and ADB itself seeks to be dismissed.

---

[9] Plaintiffs did not waive any arguments as to KBC (District Court Doc. 35, p. 8) and the issues on appeal are reviewed *de novo* and the district court accorded no weight. NY UCC Law claims for the KBC's violations of her statutory duties under §4-213 and §4-302, apply only to the Payor Bank, KBC, and are not "nearly identical" to any of the claims against ADB which is gone. The NY UCC Law provides only limited defenses under the NY UCC Law, and a "forum selection" clause of ADB which is dropped from the appeal - is no such defense under the statute. The UCC Law takes precedence, and as to the violations of §4-213 and §4-302, and the law imposes strict liability on the Payor bank, KBC. Bank liability for violations of NY U.C.C. Law is strictly enforced as a matter of law and public policy. See e.g., *H. Schultz & Sons, Inc. v. Bank of Suffolk Cty*., 439 F. Supp. 1137 (1977) (liability under UCC §4-213 for violation of the final payment rule and illegal reversal of final payment); *A.K.S. Jewelery Manufacturing Corp. v. Doras Distributor and The Chase Manhattan Bank, N.A.,* 210 A.D. 2d 35, 619 N.Y.S.2d 270 (1994)(liability under §4-302 for violation of the midnight deadline rule). Bank Checks are strictly enforced as a matter of law and public policy. *Kaufman v. Chase Manhattan Bank, N.A*., 370 F. Supp. 276 (1973 S.D.N.Y.) Forum selection clauses that violate public policy are inapplicable. See e.g., *F.A. Straus & Co. v. Canadian Pac. Ry. Co.*, 254 N.Y. 407, 173 N.E. 564 (Nov. 18, 1930)

In addition, Mr. Martin refers to Fed. R. Evid. 408, as to compromise offers and negotiations, which does not apply and Prong 2, of Rule 502, Fed. R. Evid., is not met because Mr. Martin failed to take reasonable precautions to prevent inadvertent and careless disclosure, and Fed. R. Civ. P., Rule 26(b)(3)[10] is not met as we are not in discovery phase, and the work product doctrine is not met.[11]

---

[10] We are not in discovery under Rule 26(b)(3), and to qualify as work product the document must be ("[A] document created because of anticipated litigation, which tends to reveal mental impressions, conclusions, opinions or theories concerning the litigation". *United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998). The email does not qualify as work product because: (a) Mr. Martin declares his email of May 22, 2014, was created and intended to be "*purely sarcastic in nature*" and his argument is the email does *not* reveal his *real* mental impressions, conclusions, theories, ▬▬▬▬▬▬▬▬▬▬ – and, accordingly the email needs no sealing or protection, and (b) by his own admission, Mr. Martin's email contains sardonic comments, and so his little email was *not* created because of anticipated litigation and thus is not privileged "work product", and, (c) Mr. Martin waived privilege by voluntary disclosure to third parties outside his law firm, like to Mr. Terenzio, and to others with whom no joint defense agreement exists at present in the appeal, as ADB has dropped out, and the forum clause has dropped out, and finally, (d) it was the second inadvertent email – thus showing Mr. Martin's negligence and failure to take any reasonable precautions so as to prevent the repeat inadvertent emails. The Court is not required to seal from the public, Mr. Martin's self-declared sardonic comments. To seal documents the Court must make specific findings on the record to justify sealing documents and here no justification exists.

[11] As Mr. Martin knows, the test for a "non-signatory" seeking to apply a forum selection clause against another "signatory" is *foreseeability - as* stated by the district court. (Appeal Appendix A-18) (Doc. 50, p. 7, fn 9). See, *Magi XXI, Inc. v. Stato Della Citta Del Vaticano*, 714 F. 3d 714, 723 (2013). But here KBC and Plaintiffs are both "*non-signatory*" – and it was *unforeseeable* that KBC will violate the law and violate the New York UCC. Plaintiffs have stated in the complaint the KBC's violation of UCC and negotiable instruments law, and Bank checks may not be stopped. Compl. Doc. 1 at ¶¶6, 7, and Count I, ¶¶11, 12, 13-15.

Plaintiffs have met their burden of showing that Mr. Martin's conduct warrants disqualification. Absent this relief of disqualification these proceedings will be further tainted by Mr. Martin's false statements, contempt of court, pursuit of frivolous legal positions, and mockery of the judicial system.[12]

---

Plaintiffs have properly alleged the unjust enrichment of KBC. Doc. 1, Count II, ¶¶ 16-20. The district court refused to allow Plaintiffs to amend the complaint to specify additional causes of action. (District Court Order, Doc. #40) and refused to allow Plaintiffs' to move for summary judgment for payment of the Bank checks. (District Court Order, Doc. #39). Whether the Bank checks are teller's checks or cashier's checks KBC has to pay. See *Moon over the Mountain v. Marine Midland Bank,* 87 Misc. 2d 918 (1976). A forum clause which violates public policy (such as NY UCC) is unenforceable. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 18 (1972). A forum clause which is unjust is unenforceable. *Phillips v. Audio Active*, *Ltd.,* 494 F.3d 378 at 383-384 (2nd Circ. 2007).

[12] Mr. Martin seeks to seal all documents that make reference to his little email to with his *sua sponte* admission to hide the truth and avoid negative publicity for his firm and risk of injury to his firm's business. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, so he could prolong the case and increase his billable hours. In *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 197, 205 (S.D.N.Y. 2007), the Court rejected such considerations as a basis for overcoming the strong presumption of public access to judicial documents. If KBC insists on pursuing the assertion that *Horvath* applies then it should not do so with Orrick, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Orrick cannot in good faith state *Horvath* applies ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and so the opposition violates Rule 11 and is sanctionable conduct. There is no legitimate reason for this abusive litigation practice by Orrick and persistence in a frivolous legal position unwarranted by existing law merely to delay, harass and maliciously injure Plaintiffs, unreasonably and vexatiously. 28 USC §1927. Mr. Martin portrays Plaintiffs' valiant settlement efforts as "forcing" and an attempt to "extract" and this portrayal is absurd. The fact is Mr. Martin refuses to forward proposals unless inadvertent emails disclose his intention. Plaintiffs' amicable efforts at resolution should be praised by Orrick.

Respectfully submitted,

*s/ Hassan A. Abbas*

Hassan A. Abbas
Counsel of Record for Plaintiffs-Appellants
Midamines Sprl Ltd. and Hassan A. Abbas, Esq.
19 Don Carlos Drive
Hanover Park, Illinois 60133
Tel. 630 233 0621 - Fax 630 233 88400
Email: *ha.law@hotmail.be*