# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

MIDAMINES SPRL LTD. and
HASSAN A. ABBAS,

           Plaintiffs-Appellants,

    -against-

KBC BANK NV

        Defendant-Appellee

Case No. 14-862

## DEFENDANT-APPELLEE KBC BANK N.V.'S
## MOTION TO COMPEL PLAINTIFFS' COMPLIANCE, TO HOLD
## PLAINTIFFS IN CONTEMPT, AND FOR SECURITY FOR COSTS

Peter A. Bicks
Richard A. Martin
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
(212) 506-5000
*Attorneys for Defendant-Appellee KBC
Bank N.V.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................1

PERTINENT FACTS .............................................................................4

ARGUMENT .........................................................................................9

    I.    There Is No Basis For Plaintiffs' Refusals To Comply With The Court's July 16 Order ....................................................................9

    II.    If Plaintiffs Continue To Defy The July 16 Order, They Should Be Held In Contempt ...................................................................13

    III.    Until Plaintiffs Comply With The July 16 Order, This Appeal Should Be Suspended And, If Necessary, Dismissed Outright .........15

CONCLUSION ...................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Berger v. Heckler*,
   771 F.2d 1556 (2d Cir. 1985)..............................................................9

*Chambers v. NACSO, Inc.*,
   501 U.S. 32 (1991)..................................................................11, 17

*Geller v. Branic Intern. Realty Corp.*,
   212 F.3d 734 (2d Cir. 2000)...............................................................10

*Hawes v. Club Ecuestre El Comandante*,
   535 F.2d 140 (1st Cir. 1976) ..............................................................17

*Leighton v. Paramount Pictures Corp.*,
   340 F.2d 859 (2d Cir. 1965)...............................................................19

*Mareno v. Rowe*,
   910 F.2d 1043 (2d Cir. 1990)..............................................................10

*Minotti v. Lensink*,
   895 F.2d 100 (2d Cir. 1990)...............................................................17

*Paramedics Electromedia Comercial, Ltda. v. GE Med. Sys. Info.
   Techs., Inc.*,
   369 F.3d 645 (2d Cir. 2004)...............................................................14

*Sea Trade Co. Ltd. v. FleetBoston Financial Corp.*,
   03-CV-10254, 2008 U.S. Dist. LEXIS 3227 ...................................................18

*Selletti v. Carey*,
   173 F.R.D. 96 (S.D.N.Y. 1997), *aff'd in part and vacated on other
   grounds*, 173 F.3d 104 (2d Cir. 1999) ......................................................18

*Shillitani v. United States*,
   384 U.S. 364 (1966).......................................................................13

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*,
  96-CV-0936, 2004 U.S. Dist. LEXIS 14747 (S.D.N.Y. Mar. 12,
  2004) .............................................................................................................16

*Vuitton Et Fils S.A. v. Carousel Handbags*,
  592 F.2d 126 (2d Cir. 1979).............................................................................16

*Weitzman v. Stein*,
  98 F.3d 717 (2d Cir. 1996)........................................................................14, 15

**Rules**

Federal Rule of Appellate Procedure 38.................................................................18

Local Rule 25.1(j)(2) ..............................................................................................5

## INTRODUCTION

Plaintiff-Appellant Hassan A. Abbas ("Mr. Abbas," and together with Plaintiff-Appellant Midamines SPRL Ltd., "Plaintiffs") has prosecuted this matter from afar, ostensibly litigating it from locales in Europe and the Middle East. His conduct suggests that he believes his physical distance from this Court's territorial jurisdiction puts him beyond reach of the Court's authority and the rules that apply to attorneys who practice in this Circuit. As a party to this action and an attorney admitted to practice *pro hac vice* in this Court, Mr. Abbas could not be more wrong.

The examples of Mr. Abbas' bad faith conduct during this appeal are many, but this motion primarily arises from Plaintiffs' filing of an entirely frivolous motion seeking to disqualify this firm from representing KBC in this appeal. When Mr. Abbas first threatened to file the motion, KBC repeatedly advised him that it was improper, meritless, entirely frivolous, and would result in KBC seeking its costs and reasonable attorneys' fees if it had to respond. Undeterred, Plaintiffs proceeded with the motion.

Now, Plaintiffs are engaged in a deliberate and contumacious effort to avoid the consequences of filing that motion—the very same consequences KBC, to no avail, repeatedly warned Plaintiffs of. Specifically, in an order issued July 16, 2014 (the "July 16 Order"), this Court not only denied as meritless Plaintiffs'

1

motion to disqualify, but directed Plaintiffs to pay the costs and reasonable attorneys' fees incurred by KBC as a result of the disqualification motion and KBC's filing of a related motion to seal. The basis for this award of costs and fees was Plaintiffs' "frivolous or vexatious" conduct in pursuing the completely groundless disqualification motion.

Plaintiffs subsequently sought panel and *en banc* reconsideration of the July 16 Order, specifically challenging the award of costs and fees imposed by that Order. That reconsideration motion was denied pursuant to an order dated September 23, 2014 (the "September 23 Order"), which affirmed the July 16 Order in all respects. Notwithstanding their clear obligations under the July 16 Order, Plaintiffs have repeatedly rebuffed KBC's requests for payment of the ordered costs and fees. When KBC contacted Mr. Abbas to discuss the matter, it was met, variously, with Mr. Abbas' unresponsiveness, threats, harassment, and outright refusals to comply with the July 16 Order.

Plaintiffs' purported justifications for refusing to pay KBC's costs and fees (or even to acknowledge that they are under such an obligation) are nothing more than thinly-veiled willful flouting of the Court's authority. Plaintiffs argue, for example, that the September 23 Order relieved them of their obligation to pay because, despite flatly denying reconsideration of the July 16 Order, it did not expressly spell out that the sanctions were "reaffirm[ed]." Relying on the

2

September 23 Order at one turn and then casting it aside at the next, Plaintiffs

further argue that the Court simply got the July 16 Order wrong and either

misapplied or is unaware of the standards for awarding costs and fees.

These excuses cannot be seriously advanced in good faith and are an affront

to the Court's authority. Immediately, Plaintiffs should be made to comply with

the July 16 Order, as upheld in all respects by the September 23 Order. If

Plaintiffs' refusal to comply persists, the Court should hold Plaintiffs in contempt.

Finally, until KBC receives payment of the costs and fees directed in the July 16

Order, or at the very least until KBC receives adequate security from Plaintiffs, this

appeal should be suspended or dismissed. Plaintiffs have pursued a frivolous

appeal, vexatiously multiplied these proceedings through successive, blunderbuss

motion filing, and repeatedly shifted to KBC costs that they rightfully should bear.[1]

And now, when called to account for their conduct, Plaintiffs attempt to point the

finger of blame at KBC and at the Court itself. KBC should not have to bear the

---

[1] For example, Plaintiffs refused to include in the appendix some of the most basic materials from the record below. As a result, KBC was forced to submit its own supplemental appendix at KBC's expense. In addition, numerous of Plaintiffs' filings with this Court impermissibly disclosed KBC's privileged and protected material. The Court ordered those papers sealed from the docket and directed Plaintiffs to re-file redacted versions. When Plaintiffs delayed and resisted against making the ordered redactions, the burden of preparing redacted versions of Plaintiffs' papers, which rightfully belonged to Plaintiffs under the Court's order, fell on KBC.

3

burden of defending against this appeal while Plaintiffs operate in defiance of this Court's orders with assumed impunity.

## PERTINENT FACTS

On June 8, 2014, Plaintiffs filed a motion seeking to disqualify KBC's counsel, Richard A. Martin, Esq., and this firm from representing KBC in this appeal. Dkt. No. 53. The sole basis for that frivolous motion was an email that Mr. Martin inadvertently sent to Mr. Abbas on May 22, 2014 (the "May 22 Email"), which Mr. Abbas claimed was evidence that this firm was advancing a frivolous defense on behalf of KBC—the very same defense that the district court (Hon. Richard J. Sullivan) accepted in dismissing the Complaint. (A-12-21) (dismissing the Complaint based on a mandatory forum selection clause). Plaintiffs filed the motion to disqualify despite repeated warnings by Mr. Martin that it was entirely improper and frivolous, and that KBC would seek to recover its costs of responding if Plaintiffs pursued the motion. Decl. of Richard A. Martin dated June 23, 2014, Dkt. No. 122-2 ¶¶ 10-14.

KBC opposed the motion to disqualify on the grounds that, *inter alia*, (i) Mr. Abbas' claims regarding the May 22 Email were entirely groundless and based on complete mischaracterizations of the meaning of that email, and (ii) the motion improperly relied on and discussed the content of the May 22 Email, which is privileged and protected under the attorney work product doctrine. *See* KBC's

4

Redacted Opp'n to Mot. to Disqualify, Dkt. No. 122-1. In connection with its opposition KBC sought its costs and fees in responding to the frivolous disqualification motion, as KBC advised Plaintiffs it would. *Id.* at 18-21. In addition, because KBC was forced to disclose the privileged and protected content of the May 22 Email in order to refute Plaintiffs' baseless claims in the motion to disqualify, it sought its costs and fees incurred in filing a related motion for permission to submit its opposition under seal. *See* Dkt. Nos. 66, 100.

On July 16, 2014, the Court issued an order denying Plaintiffs' motion to disqualify as meritless and ruling that the May 22 Email was a privileged communication and protected as attorney work product. Dkt. No. 125. Furthermore, the Court granted KBC's request for sanctions based on Plaintiffs' "frivolous [and] vexatious" conduct, ordering that Plaintiffs "shall pay the costs and reasonable attorneys' fees incurred by KBC as a result of the motion to disqualify and motion to seal the documents, which was necessitated by the motion to disqualify." *Id.* Plaintiffs' cross-request for sanctions, pursued only in retaliation for KBC seeking its costs and fees, was flatly denied.[2] *Id.*

---

[2] The Court also granted KBC's request for an order sealing numerous filings before the Court in which Plaintiffs impermissibly discussed the privileged and protected content of the May 22 Email. *See* Dkt. No. 125. Those filings were ordered removed from the docket and Plaintiffs were directed to re-file properly redacted versions within seven days, in accordance with Local Rule 25.1(j)(2). *Id.* Rather than timely complying with that order, Plaintiffs moved to extend the

5

On July 25, Plaintiffs filed a motion seeking panel and *en banc* reconsideration of the Court's July 16 Order, specifically contesting the sanctions, in the form of costs and attorneys' fees, imposed by that Order. *See* Dkt. No. 135-1 at 7-13 ("The Court's order of July 16, 2014 should be reversed insofar as it imposed sanctions on Mr. Abbas and Midamines"). Among other things, Plaintiffs also contested the Court's denial of Plaintiffs' disqualification motion and its ruling that the May 22 Email is a privileged communication that is protected as attorney work product. *See id.* at 14-20.

While Plaintiffs' reconsideration motion was pending, KBC refrained from seeking to collect the costs and attorneys' fees awarded under the July 16 Order. On September 23, 2014, the Court issued its decision on the reconsideration motion, denying Plaintiffs' requests for reconsideration and upholding the July 16 Order in all respects. Dkt. No. 165.

---

seven-day deadline and requested line-by-line guidance from KBC as to what they were required to redact. Dkt. No. 133. On or about September 29, 2014, approximately two-and-a-half months after the Court's July 16 Order, Plaintiffs finally re-filed redacted papers in accordance with the Court's directives, but only after (*i*) Plaintiffs' motion to extend was denied, *see* Dkt. No. 165, and (*ii*) KBC, left with no other option to protect its privileged and protected materials that Plaintiffs improperly published in public filings with the Court, prepared and provided the Court and Plaintiffs with redacted versions of all of Plaintiffs' filings that impermissibly discussed the content of the May 22 Email. *See* Decl. of Richard A. Martin dated July 28, 2014, Dkt. No. 137 ¶¶ 1-11 and Exs. 1-11.

Upon entry of the September 23 Order, KBC promptly sought to enforce its right to payment under the July 16 Order.  KBC calculated the actual costs and attorneys' fees it incurred as a result of the motion to disqualify and KBC's related motion to seal, applied a substantial reduction to those amounts in a showing of good faith and reasonableness, and sent Mr. Abbas a letter dated October 8, 2014 demanding payment of $75,000 in attorneys' fees and $722.50 in costs.  *See* Declaration of Richard A. Martin dated November 12, 2014 ("Martin Decl."), Ex. 1.

On October 28, having received no response to its letter dated October 8, KBC again contacted Mr. Abbas.  KBC reiterated its demand for payment and advised Mr. Abbas that KBC would seek appropriate relief if Plaintiffs persisted in their refusal to comply with (or even acknowledge) their obligation to pay KBC the costs and fees directed in the July 16 Order.  *See id.* Ex. 2.  The same day, Mr. Abbas responded in a letter (Mr. Abbas' "October 28 Letter") that almost entirely ignored KBC's requests for payment.  Instead, based only on the claims at issue in this appeal that were dismissed below, the letter accused KBC of illegal conduct and demanded that KBC immediately pay Plaintiffs their alleged damages.  Martin Decl. Ex. 3.  In addition, Mr. Abbas threatened to seek sanctions against KBC and this firm for further pursuing this appeal, and professed an intention to file a lawsuit against this firm.  *See id.*  In his only comment on KBC's request for costs

7

and fees, Mr. Abbas stated that KBC's demand for payment under the July 16

Order constituted abuse and harassment, and that the Court's September 23 Order

denying reconsideration "did not reaffirm [the] sanctions" imposed in the July 16

Order. *See id.*

KBC responded to Mr. Abbas on October 30, seeking clarification as to

whether it was Plaintiffs' position that the September 23 Order relieved them of

their obligation to pay KBC's costs and fees, and whether Plaintiffs objected to

payment of any costs and fees whatsoever under the July 16 Order. Martin Decl.

Ex. 4. In a response dated November 3, 2014 (Mr. Abbas' "November 3 Letter"),

Mr. Abbas stated unequivocally that "the Court did not reaffirm sanctions in the

September 23, 2014 order," which "supersedes the July 16 Order." *Id.* (emphasis

in original). *Id.* Ex. 5 at 2. Ignoring the denial of Plaintiffs' motion for

reconsideration, Plaintiffs also argued that the Court's award of costs and fees in

the July 16 Order was improper and unenforceable because it violated the

"American Rule" that litigants should bear their own attorneys' fees; because the

Court purportedly did not find any "bad faith" conduct on the part of Plaintiffs that

would support sanctions; and because the Court did not differentiate between Mr.

Abbas and Midamines SPRL Ltd. in terms of which party was sanctioned and

therefore was responsible for payment of KBC's costs and fees. *See id.*

8

Like the October 28 Letter, Mr. Abbas' November 3 Letter also demanded that KBC immediately pay Plaintiffs their alleged damages and immediately cease its defense against this appeal. *See id* at 1-3. Finally, the Letter threatened that, should KBC continue to defend against this appeal or further pursue recovery of the costs and fees awarded in the July 16 Order, Plaintiffs would renew their motion to disqualify—the very same motion that led to Plaintiffs being sanctioned in the first place—and seek sanctions against KBC and this firm for abusive litigation practice. *See id.* This motion ensued.

## ARGUMENT

### I.     There Is No Basis For Plaintiffs' Refusals To Comply With The Court's July 16 Order

Plaintiffs have rejected all attempts by KBC to recover the costs and fees that the July 16 Order requires Plaintiffs to pay. Further, Plaintiffs have made clear that they will continue to reject all such attempts because, as they see it, they have no obligation to pay KBC the costs and fees ordered by the Court. Yet, Plaintiffs have not offered a single legitimate argument to support their position or justify their defiance of the July 16 Order. The Court must therefore compel Plaintiffs to comply with the July 16 Order—a necessary measure this Court is empowered to take even absent a finding of contempt. *See Berger v. Heckler*, 771 F.2d 1556, 1569 (2d Cir. 1985) ("Ensuring compliance with a prior order is an

equitable goal which a court is empowered to pursue even absent a finding of contempt").

Plaintiffs argue that the September 23 Order "supersedes" the July 16 Order and did not "reaffirm [the] sanctions" imposed in that Order, thereby relieving Plaintiffs of their obligation pay KBC's costs and fees. *See* Martin Decl. Exs. 3 and 5. That argument fails. Court orders are interpreted according to their plain language. *See, e.g., Geller v. Branic Intern. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). The September 23 Order reads, in relevant part, "It is hereby ordered that the motions for panel reconsideration [and] reconsideration *en banc* . . . are denied." Dkt. No. 165. Plaintiffs' motion for reconsideration, in turn, specifically challenged the Court's ruling in the July 16 Order that Plaintiffs must pay the costs and fees incurred by KBC as a result of the motion to disqualify and the related motion to seal. Dkt. No. 135-1 ("[T]he Court's imposition of sanctions on [Mr. Abbas] and the order to pay KBC's fees and costs is clear error of law and manifest injustice").

Accordingly, the only reasonable interpretation of the September 23 Order is that it upheld the July 16 Order in all respects, including its requirement that Plaintiffs must pay KBC the costs and fees directed in that Order. Plaintiffs' argument otherwise is entirely frivolous. *See, e.g, Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990) (a legal position is frivolous if it is "clear under existing

10

precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands").

Plaintiffs' other arguments as to why they need not comply with the July 16 Order are no less frivolous. Plaintiffs argue that the award of costs and fees imposed in that Order violates the American Rule concerning payment of attorneys' fees, and is unwarranted because the Court purportedly did not find any "bad faith" conduct on the part of Plaintiffs. *See* Martin Decl. Ex. 5 at 2. Those arguments are quickly dispensed with.

First, they are foreclosed by this Court's denial of Plaintiffs' reconsideration motion, which unsuccessfully raised the very same arguments against the award of costs and fees imposed in the July 16 Order. *See* Dkt. No. 135-1 at 7-13. Second, it is well established that an exception to the American Rule against cost-shifting applies where "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NACSO, Inc.*, 501 U.S. 32, 45-46 (1991). And third, the grounds for this "bad faith" exception include where a party's vexatious conduct is responsible for "delaying or disrupting the litigation." *Id.* at 46. Delaying and disrupting this appeal is precisely what Plaintiffs' filing of the frivolous motion to disqualify accomplished, and indeed was calculated to accomplish.

Moreover, contrary to Plaintiffs' baseless contention otherwise, the Court in the July 16 Order did, in fact, rule that Plaintiffs acted in bad faith by bringing the motion to disqualify. As stated in the July 16 Order, the ruling that Plaintiffs should pay KBC's costs and fees was based on the Court's "due consideration" of KBC's argument that Plaintiffs had "engaged in *frivolous or vexatious conduct*." Dkt. No. 125 (emphasis added). Accordingly, the July 16 Order, insofar as it accepted KBC's argument and granted it the costs and fees it sought, determined that Plaintiffs had engaged in "frivolous or vexatious conduct" by bringing the motion to disqualify. Nothing more was necessary to justify the sanctions against Plaintiffs.

In addition, the award of costs and fees imposed in the July 16 Order is consistent with established precedent in this Circuit disfavoring motions to disqualify and recognizing that sanctions are proper where such motions are brought on frivolous grounds, as was the case here. KBC cited that authority in opposing the motion to disqualify and requesting its related costs and fees, *see* Dkt. No. 122 at 18-19, and the Court relied on it when imposing sanctions against Plaintiffs, *see* Dkt. No. 125. In other words, Plaintiffs' bad faith in bringing the motion to disqualify is self-evident and supported by a long line of authorities in this Circuit.

12

Finally, if the Court needed any more convincing that Mr. Abbas is thumbing his nose at the July 16 Order, Mr. Abbas argues that he need not pay the costs and fees directed in that Order because it did not differentiate between himself and Midamines SPRL Ltd. when imposing sanctions. But Mr. Abbas has admitted in other papers, including Plaintiffs' motion for reconsideration, that it is he who was sanctioned and therefore responsible for paying KBC's costs and fees under the July 16 Order. *See* Dkt. No. 135-1, at 8 ("Mr. Abbas has done no wrong which justifies the Court's imposition of sanctions on him"). Furthermore, as the district court recognized, Midamines SPRL Ltd. is simply an alter-ego corporation that Mr. Abbas, as the sole officer of record, incorporated shortly before the Complaint was filed for the purposes of pursuing this action. (*See* A-19). Mr. Abbas knows he must comply with the July 16 Order and answer for his frivolous motion to disqualify by paying KBC's costs and fees incurred as a result of that motion and KBC's related motion to seal. But Mr. Abbas' stated position is that he refuses to do so. *See* Martin Decl. Exs. 3 and 5. KBS respectfully requests that the Court act to prevent its orders from being undermined.

## II. If Plaintiffs Continue To Defy The July 16 Order, They Should Be Held In Contempt

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 371 (1966). Where a party has refused to comply with a

13

lawful court order, as is the case here, a finding of civil contempt is appropriate "to coerce [that party's] future compliance and to remedy any harm past noncompliance caused the other party." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). A party may be held in civil contempt for failure to comply with a court order where "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedia Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)

Here, Plaintiffs' non-compliance with the July 16 Order, should it continue, clearly meets these requirements warranting a finding of contempt. First, it is indisputable that the July 16 Order is clear and unambiguous. That Order expressly provides that "[Plaintiffs] shall pay the costs and reasonable attorneys' fees incurred by KBC as a result of the motion to disqualify and motion to seal the documents, which was necessitated by the motion to disqualify." Dkt. No. 125.

Second, the proof of Plaintiffs' non-compliance with their obligation to pay KBC's costs and fees under the July 16 Order is clear and convincing. *See, e.g.* Martin Decl. Ex. 3 ("[Y]our letter of October 8, 2014 [requesting payments of KBC's costs and fees] is a continuation of your harassment tactics and unprofessional and abusive litigation conduct and misuse of the Court's September

14

23, 2014 order which did not reaffirm sanctions"); *id.* Ex. 5 ("[T]he firm of Orrick is not entitled to an award of any fees or costs under these circumstances").

Finally, Plaintiffs have made no attempt whatsoever to comply with the Court's order to pay KBC's costs and fees. When KBC engaged Mr. Abbas with requests for payment of those costs and fees, Mr. Abbas ignored KBC, responded with dismissive refusals, and even threatened KBC and this firm with sanctions, a lawsuit, and disqualification if KBC does not immediately cease its pursuit of the costs and fees awarded in the July 16 Order. *See id.*

Mr. Abbas' willful defiance of this Court's orders is undeniably grounds for contempt. If Plaintiffs persist in their refusal to pay KBC the ordered costs and fees, the Court should hold Plaintiffs in contempt, sanction Plaintiffs and award KBC its costs and reasonable attorneys' fees in bringing this motion, and grant KBC any other relief it deems just and proper. *See Weitzman*, 98 F.3d at 719 (a party's willful contempt of a court order "strongly supports" an award of costs and fees).

## III. Until Plaintiffs Comply With The July 16 Order, This Appeal Should Be Suspended And, If Necessary, Dismissed Outright

Where a party has failed or refused to comply with a court order, "[the] court has broad discretion to determine those sanctions necessary to coerce future compliance." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 96-CV-0936,

15

2004 U.S. Dist. LEXIS 14747, at *4 (S.D.N.Y. Mar. 12, 2004) (citing *Vuitton Et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979)).

Here, monetary sanctions are insufficient to compel Plaintiffs' compliance with the July 16 Order. Plaintiffs have already demonstrated their unwillingness to heed such sanctions. Furthermore, given that Plaintiffs are apparently litigating this appeal from a foreign jurisdiction, KBC faces great practical difficulties in actually recovering monetary sanctions if Plaintiffs persist in their conduct—a likely possibility given Plaintiffs' continued and contumacious refusal to pay KBC the costs and fees directed in the July 16 Order.

Accordingly, it is entirely appropriate to suspend this appeal from proceeding until Plaintiffs are in compliance with the July 16 Order. KBC has already incurred substantial undue expense in this appeal as a result of Plaintiffs' frivolous and vexatious conduct. In addition to filing the baseless motion to disqualify, Plaintiffs have unreasonably multiplied these proceedings through the blunderbuss filing of seven motions before this Court[3], forced KBC to file a supplemental appendix by refusing to include some of the most basic materials from the record below in the appendix, and consistently harassed and made threats

---

[3] Excluding Mr. Abbas' motion for *pro hac vice*, not a single one of the baseless motions filed by Plaintiffs has been granted. The only effect of Plaintiffs' barrage of motions, therefore, has been to cause KBC significant time and expense responding to those motions.

16

against KBC and this firm. *See, e.g.*, Martin Decl. Exs. 3 and 5 (threatening KBC and this firm with sanctions, disqualification, and a lawsuit).

Furthermore, in the event the Court suspends this appeal and Plaintiffs continue to refuse to comply with the July 16 Order, this appeal should be dismissed outright. *See Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) ("Although dismissal of an action or proceeding is the most severe of appropriate sanctions . . . the requisite element of willfulness or conscious disregard for [a court's orders] . . . justifies the sanction of dismissal") (internal citation and quotation marks omitted); *see also Chambers*, 501 U.S. at 45 ("[O]utright dismissal of a lawsuit . . . is a particularly severe sanction, yet it is within the Court's discretion").

At the very least, Plaintiffs should be required to post security for KBC's costs and fees in this appeal. Federal courts have "inherent power to require security for costs when warranted by the circumstances of the case." *Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 143 (1st Cir. 1976). Here, absent the staying of this appeal until Plaintiffs post adequate security, KBC has no assurances that it will be able to recover the costs and fees awarded in the July 16 Order. Mr. Abbas' practice is based in Belgium and possibly also the Middle East, and despite ostensibly being licensed as an attorney in Illinois he carries no

17

malpractice insurance that we could find.[4]  *See Sea Trade Co. Ltd. v. FleetBoston Financial Corp.*, 03-CV-10254, 2008 U.S. Dist. LEXIS 3227 (parties' status as foreign residents "counsels in favor of requiring them to post a bond as security for costs").  Mr. Abbas has also implied that Midamines SPRL Ltd., for its part, had no resources to "open its account and to start doing business in the U.S." aside from the bank checks that are at issue in this appeal and with respect to which payment was stopped.  (SA-20, SA-22).

Nor does KBC have any protection for the costs and fees that it is likely to recover going forward in this appeal.  These include costs and fees that KBC intends to pursue from Plaintiffs under Federal Rule of Appellate Procedure 38 for their pursuit of this frivolous appeal.  *See Selletti v. Carey*, 173 F.R.D. 96, 102 (S.D.N.Y. 1997), *aff'd in part and vacated on other grounds*, 173 F.3d 104 (2d Cir. 1999) ("Where the merits of plaintiff's case [are] questionable, security bonds are considered appropriate") (internal quotation marks omitted).  KBC also intends to seek recovery of its costs and fees in connection with Plaintiffs' unreasonable multiplication of these proceedings and failure to include the necessary materials

---

[4]  For example, Mr. Abbas' registered business address appears to be in Antwerp, Belgium, as reflected in a search of Illinois attorney records (*see* SA-180) and in the typewritten portion of the signature block in the Complaint (SA-14).  Additionally, during a telephonic meet and confer before the district court, Mr. Abbas gave indications that he was attending from Belgium.  (*see* SA-21, 26).

from the record below in the appendix. Given Plaintiffs' frivolous and vexatious conduct in this appeal thus far, along with their already-demonstrated refusal to pay the costs and fees directed in the July 16 Order, requiring Plaintiffs to post security is warranted to protect KBC and provide some assurance that these costs and fees will be recoverable from Plaintiffs, or at the very least offset by them. *See Leighton v. Paramount Pictures Corp.*, 340 F.2d 859, 861 (2d Cir. 1965) (proper to require posting of security by "*pro se* litigant whose claims were often conclusory and lacking in merit").

## **CONCLUSION**

For the reasons stated herein, KBC respectfully requests that this Court enter an order (*i*) compelling Plaintiffs to comply with the requirement of the July 16 Order, as upheld by the September 23 Order, to pay KBC's costs and reasonable attorneys' fees incurred as a result of the motion to disqualify and the related motion to seal, (*ii*) if Plaintiffs' non-compliance with the July 16 Order persists, holding Plaintiffs in civil contempt, sanctioning Plaintiffs, and awarding KBC its costs and reasonable attorneys' fees in bringing this motion, (*iii*) suspending this appeal until Plaintiffs are in compliance with the July 16 Order and, if necessary, dismissing it outright, or staying this appeal pending Plaintiffs' posting of adequate security, and (i*v*) granting any other relief this Court deems just and proper.

Dated:       November 12, 2014
             New York, NY


                        Respectfully submitted,

                        ORRICK, HERRINGTON & SUTCLIFFE LLP

                        By: /s/ Richard A. Martin
                        _____
                                  Peter A. Bicks
                                  Richard A. Martin


                        51 West 52nd Street
                        New York, NY  10019-6142
                        (212) 506-5000
                        pbicks@orrick.com
                        rmartin@orrick.com
                        *Attorneys for Defendant-Appellee KBC Bank N.V.*

20